LESSEE OF SAMUEL REED, PLAINTIFF IN ERROR, *vs.* WILLIAM MARSH, DEFENDANT IN ERROR.

The certificate of the clerk of the Court, that a motion was made for a new trial, and reasons and certain papers filed on which the motion was founded, which are on the files of the Court, is not a part of the record; nor do the reasons on the files of the Court become a part of the record by such certificate.

A writ of error, under the 25th section of the judiciary act will not lie to a state Court in a case in which the proceedings of the Court which the writ of error seeks to revise, appears from such a certificate, by the clerk of the state Court.

· IN error to the Supreme Court of Ohio, Scioto county.

This was an action of ejectment, brought in the Supreme Court of the state of Ohio, by the plaintiff in error, against the defendant in error. The declaration, common consent rule, and plea of not guilty, are in the usual form, according to the practice in Ohio. Upon these pleadings the case was tried in the Supreme Court for the county of Scioto, and a general verdict of not guilty was found · for the defendant, Marsh. No bill of exceptions was prayed for by either party to the charge of the Court to the jury; nor was the evidence given to the jury made a part of the record, by special verdict, agreed statement of facts, by bill of exceptions, or any other form. After the rendition of the verdict, the plaintiff submitted a motion for a new trial; and on the following day filed his reasons with the clerk of the Court.

The Court reserved the motion for decision by the Court in bank; and the motion was, after argument and consideration, overruled.

The reasons for a new trial exhibited the title claimed by the plaintiff in the ejectment, under the ordinance of Congress and acts of Congress relative to lands in the territory northwest of the Ohio; and alleged, that by the construction of those acts which was asserted by the plaintiff, the land in controversy belonged to the plaintiff; and by a misconstruction of the statutes by the Court on the trial of the cause, the title of the defendant had been sustained. ·

The motion stated that the Court had refused to charge the jury upon the matters exhibited by the plaintiff to sustain his title under the acts of Congress, and upon the construction contended for in favour of the title set up by him. Other reasons for a new trial were also stated, founded on an allegation that the verdict was contrary to evidence; and that certain evidence was illegally admitted.

=The reasons filed by the plaintiff for a new trial, are incorporated into the transcript of the record, which has been certified up to this Court. Appended to the record are copies of the plaintiff's patent; copies of the surveyor's field-notes of certain surveys made for the United States; copies of maps and descriptions of the land in con-

troversy, and of the surrounding district of country; and copies of certain acts and ordinances of Congress, which the clerk certifies are referred to in the plaintiff's fifth reason for a new trial, as the same remain on the files of the Court.

Mr. Vinton, for the defendant in error, moved to dismiss the cause, for want of jurisdiction.

It was a case removed to this Court from the Supreme Court of Ohio, under the 25th section of the judiciary act; and it was not before the Court on any of the principles which had been sustained and decided upon that section of the law.

The only part of the proceedings in the case, in the state Court, on which the jurisdiction of this Court is asserted to rest, is the refusal of the Court to grant a new trial, and for refusing certain instructions which were asked of the Court, upon the construction of acts of Congress in relation to lands on the north and west of the river Ohio. These instructions do not appear in the record of the cause, and the evidence that they were before the Court on the motion for a new trial, is the certificate of the clerk of the Court. The clerk has certified that they remain on the files of the Court. Does this certificate make them what he certifies them to be, a part of the record? Certainly not—nothing can be properly certified as part of the record but what appears such by the record itself.

If a party is desirous to bring his case up for revision, upon questions of law, the proper course is to take a bill of exceptions, or have an agreed case on the record.

Questions analogous to this have been brought before this Court, and have also been decided in the Courts of Massachusetts. Cited Williams *vs.* Jarvis, 12 Wheaton, 118. Fisher *vs.* Cockerell, 5 Peters, 253. M'Fadden *vs.* Otis, 2 Massachusetts Reports. 13 Massachusetts Reports, 50.

As to the cases in which this Court will entertain jurisdiction of cases under the 25th section of the judiciary act of 1789, cited Crowell *vs.* Randall, 10 Peters, 368, and the cases there referred to.

Mr. Mason, against the motion, stated that if the matters certified by the clerk were not regularly before the Court, the plaintiff in error had no case for the consideration of this Court.

By the certificate of the clerk, it appeared that in the motion for a new trial, certain acts of Congress were before the Court; and the title of the plaintiff rested upon their just construction.

In the state of Ohio there was no law which gave a writ of error to the Supreme Court of the state; and no case can be brought from that Court, but in the manner in which this case is presented.

Mr. Vinton, in reply, insisted that the record did not show that the acts of Congress were before the Court on the trial of the cause; or that the Court in their decision had done any thing which could give the Supreme Court of the United States jurisdiction of the

[Lessee of Samuel Reed *vs.* William Marsh.]

cause :-an application for a new trial, is an appeal to the discretion of the Court, and the decísion of the Court upon it, is never the subject of a writ of error.

Mr. Chief Justice TANEY delivered the opinion of the Court.—

This case is brought before the Court by a writ of error to the Supreme Court of the state of Ohio, sitting for the county of Scioto, under the 25th section of the judiciary act of 1789. A motion is now made to dismiss the writ upon the ground that the case, as presented by the record, is not one in which this Court have the right to revise, by writ of error, the judgment of a state Court.

It appears from the record, that an action of ejectment for a certain tract of land was brought by the plaintiff against the defendant, and finally tried, and decided in the Supreme Court of the state, sitting for Scioto county. The declaration is in the usual form, to which the plea of not guilty was entered; and upon the trial, the jury found a general verdict for the defendant, upon which the Court entered judgment in his favour.

There was no bill of exception taken in the case ; and according to the judiciary system established in Ohio, a bill of exception could not at that time be regularly taken, when the trial was had in the Supreme Court of the state. That Court consists of four judges, two of whom are authorized to hold the Court in the different counties; but at the close of each circuit, the four judges are required to meet in bank, at the seat of government, and decide all questions reserved for their consideration on the circuit : and when the decision is made in bank, each cause is certified to the county from which it was brought, and the judgment is there entered.

In the case before us a new trial was moved for, and among other reasons filed in support of the motion, is the refusal of the Court to give certain instructions to the jury, which were requested by the counsel for the plaintiff; and we gather from the record, though not very distinctly, that this motion was reserved and heard in bank, and there overruled. The reasons assigned by the plaintiff for a new trial, and the title papers to which they refer, have been transmitted and certified to this Court, by the clerk, together with the record of the judgment. It is, however, unnecessary to mention them particularly ; because if the points set forth in the motion were raised at the trial and decided by the Court, then it is very clear that the construction of certain statutes of the United States was drawn in question, and the decision in the state Court was against the title claimed under them by the plaintiff. But the difficulty is whether these facts are sufficiently authenticated by the record. Can we receive the certificate of the clerk, that certain papers were offered in evidence, and the statement of counsel upon a motion for a new trial, that certain instructions were refused by the Court, as sufficient evidence of the facts they set forth ; and proceed, upon that ground, to take jurisdiction and revise the judgment of the state Court ? We think not. In the case of the lessee of Fisher *vs.* Cockerell, 5

Peters 254, the Court said, "In cases at common law, the course of this Court has been uniform, not to consider any paper as a part of the record which is not made so by the pleadings, or by some opinion of the Court referring to it. This rule is common to all Courts exercising appellate jurisdiction, according to the course of the common law. The appellate Court cannot know what evidence was given to the jury, unless it is spread on the record, in a proper legal manner. The unauthorized certificate of the clerk, that any document was read, or any evidence given to the jury, cannot make that document or that evidence a part of the record, so as to bring it to the cognizance of this Court."

We think the doctrine in that case is entirely correct. The certificate of the clerk cannot make the papers above mentioned a part of the record; nor can the statement of counsel in the motion for a new trial, authorize us to say that certain questions were raised, and certain opinions given upon such evidence. It does not follow that the Court admitted that the opinions imputed to them were given at the trial, because they have not disavowed them in overruling the motion. On the contrary, it might sometimes happen that such a motion would be overruled, because the Court had not given the instruction mentioned in the motion. There is therefore nothing in the record that could warrant us in assuming that the papers referred to were offered in evidence; nor that the opinions ascribed to the Court were actually given. These facts should in some mode or other be authenticated by the Court itself. This Court have constantly adhered to this rule, and the cases upon the subject were carefully reviewed and considered, in the case of Crowell *vs.* Randell, 10 Peters, 368; and the rules there stated must be considered as too firmly settled to be shaken.

The writ of error in this case must therefore be dismissed.

This case came on to be heard on the transcript of the record from the Supreme Court of the state of Ohio in and for the county of Scioto, and was argued by counsel: on consideration whereof, it is ordered and adjudged by this Court that the writ of error be, and the same is hereby dismissed, for want of jurisdiction.