ATLANTA & F. R. Co. *et al. v.* WESTERN RY. Co. OF ALABAMA *et al.*

*(Circuit Court of Appeals, Fifth Circuit. June 6, 1892.)*

No. 39.

CREDITORS' BILL—JURISDICTION OF FEDERAL COURTS—UNSECURED CREDITOR—STATE STATUTES.
The circuit court has no jurisdiction of a bill in equity to subject the property of an insolvent corporation to the payment of a simple contract debt in advance of recovery of a judgment at law, when such debt is unsecured by lien or mortgage, though a state statute authorizes the bringing of such suit by any three creditors of the insolvent corporation.

Appeal from the Circuit Court of the United States for the Western Division of the Southern District of Georgia.

Suit in equity by the Western Railway Company of Alabama and others against the Atlanta & Florida Railroad Company and others. A plea to the jurisdiction was overruled, and defendant railroad company appeals. Reversed.

*Payne & Tye,* (*Thos. J. Semmes,* of counsel,) for appellant.

*Calhoun, King & Spaulding,* for appellees.

Before PARDEE and McCORMICK, Circuit Judges, and LOCKE, District Judge.

McCORMICK, Circuit Judge. The appellees, corporations, respectively, of the states of·Alabama, Tennessee, and New Jersey, brought this suit in the United States circuit court for the southern district of Georgia against the appellant railroad, a Georgia corporation, and the Central Trust Company of New York, a New York corporation, on three separate simple contract debts not secured by a lien or mortgage, or put in judgment at law, held by the appellees, respectively. They charged that the appellant railroad was insolvent, and was about to put out an issue of second mortgage bonds for purposes and on a scheme that would work an injury to them as unsecured creditors, and they asked for the appointment of a receiver and for an injunction. The bill was presented to one of the judges of the circuit court for the southern district of Georgia, who, after notice to the parties and hearing the appellant's plea to the jurisdiction of the court, and proof offered, held that the court had jurisdiction, and appointed a receiver, and granted a preliminary injunction as prayed for in the bill, from which order this appeal is taken, under section 7 of the act creating this court. The bill alleges that the Atlanta & Florida Railroad Company was, at the time the bill was presented, a resident of the southern district of Georgia, and was a corpo-

ration duly chartered under the laws of Georgia. The appellant pleaded that it was a resident of the northern district of Georgia, and that it was not a resident of the southern district of Georgia; that it was "a corporation created under the laws of Georgia, and a resident of the county of Fulton, state of Georgia, by reason of the fact that its principal place of business established by its charter is in said Fulton county, which said county is not within the jurisdiction of the circuit court of the United States for the southern district of Georgia."

The appellant filed with its petition for appeal the following assignments of errors:

"(1) That the court erred in holding the plea to the jurisdiction filed by this defendant insufficient, and in overruling the same; (2) that the court erred in holding that the showing made by this defendant against the granting of the injunction was insufficient; (3) that the court erred in holding, upon the facts presented, that the injunction should be granted as prayed for."

The appellant has filed in this court additional assignments of errors, as follows:

"(1) The plea to the jurisdiction set forth on pages 30 and 31 of the transcript should have been sustained because of the residence of the appellant the Atlanta & Florida Railroad Company in the northern district of Georgia. (2) The court cannot entertain jurisdiction of a suit in equity to subject the property of the defendant company, [appellant,] in advance of recovery of a judgment at law, to the payment of a simple contract debt, when said debt is not secured by a lien or mortgage, because, under the constitution, the defendant is entitled to a trial by jury. (3) The court erred in granting an injunction to a simple contract creditor without lien or mortgage, and thereby prior to judgment interfering with the possession of the property of the debtor."

In his oral argument counsel for appellant suggests that the errors assigned in this court are only a clearer statement of the errors embraced in the assignment of errors attached to the petition for appeal, and appellees' counsel lay no stress on the matter of the additional assignment of errors filed here. We will therefore treat this additional assignment as a clearer expression of the assignment of errors filed in the court below, and consider the errors assigned as if they had been filed in due time in the circuit court.

It is settled by the decisions of the United States supreme court that the appellant, being a corporation created under the laws of Georgia, is, from its creation through the whole period of its existence, a citizen of that state; that it is a person within the meaning of the law regulating the institution and conduct of suits, and that it cannot emigrate from the state of its creation; and, being found in Georgia, it may well be taken to be a resident of that state. But whether, like the state government, it resides at every point within the boundaries of the state, or its residence is limited to the places where it does business, or to the place designated in its charter as its principal place of business, must depend on the law, general or particular, giving and governing its life; and, if its residence is not coextensive with the state, an issue of fact

arises which requires proof. The record in this case does not disclose what proof was introduced by complainants, (appellees.) It says:

"Upon the close of testimony for the complainants introduced in the above-stated case, on the hearing of application for appointment of a receiver, and the granting of injunction in accordance with the prayers of the bill, the defendant the Atlanta & Florida Railroad Company introduced in evidence the original charter of the Atlanta & Hawkinsville Railroad Company, of date the 9th of July, 1886, signed by the Hon. Henry D. McDaniel, then governor of the state of Georgia, and attested by N. C. Barnett, secretary of state, by which the principal place of business of said company was fixed at city of Atlanta, in the county of Fulton, in said state. Said defendant also called the attention of the court to the act of the general assembly of 1886, found on page 102 of the Georgia Laws of that year, and the act of the general assembly of the state of Georgia of the year 1887, found on page 238 of the Georgia Laws of that year, by which the name of the Atlanta & Hawkinsville Railroad Company was changed to that of the Atlanta & Florida Railroad Company. Upon introducing this testimony the said defendant closed. The court thereupon ruled that it did have jurisdiction of the above-stated bill, and the application for the appointment of a receiver, and the granting of injunction, and did have the jurisdiction to appoint a receiver and grant an injunction, which it then and there did by formal order."

It, however, sufficiently appears from the printed briefs and oral argument of counsel that the appellant railroad is in operation in the southern district of Georgia, and that while Atlanta, which is named in its charter as its principal place of business, is in the northern district, the principal part of its completed and projected road is in the southern district. We have not access to the organic and statute law of the various states, and though we may be charged with judicial knowledge of them, and they do not have to be proved as a fact, it is proper, if not necessary, that counsel should embody in their printed briefs, or append thereto, exact copies of the provisions of the state laws on which they rely, or to which they refer in argument. We find it stated in the brief of appellant's counsel that Code Ga. § 3402, provides that "all civil cases in law shall be tried in the county wherein the defendant resides," and that section 4183 provides that "all bills shall be filed in the county where (?) the residence of one of the defendants against whom a substantial relief is prayed," and that "the constitution of Georgia in section 16, par. 3, is in the same language as contained in the foregoing section 4183. Paragraph 6, same section of the constitution of Georgia, is the same as contained in section of Code 3402." From the same brief we quote that Code Ga. § 3406, provides:

"All railroad companies shall be liable to be sued in any county in which the cause of action originated, by any one whose person or property has been injured by such railroad company, their officers, agents, or employes, for the purpose of recovering damages for such injury, and also on all contracts (made or) to be performed in the county wherein the suit is brought."

This provision of the Code of Georgia the supreme court of that state has declared to be not in violation of the constitution. *Railroad, etc., Co. v. Oaks*, 52 Ga. 410. And the argument seems to have force that when the constitution provides that suit can only be brought in the county

of the defendant's residence, and a constitutional law says that a railroad may be sued on some causes of action in any county where it inflicts an injury, or makes or agrees to perform a contract, that this law must give the railroad a residence in each county where any one of these things is done.    And if, for any purpose, the appellant by the laws of Georgia can be sued on certain causes of action in some one of the counties in the southern district of Georgia, it can only be because, by the constitution and laws of Georgia, it has a residence in the said district as well as in the northern district, where its principal place of business is fixed by its charter.    And if it has a residence, for any purpose, at any point within the southern district of Georgia, its liability to suit in the national courts in that district cannot be limited by the state law qualifying its liability to suit in the state courts, but must be determined by the national law fixing the place where suits may be brought in the national courts.

We say this argument seems to have force.    But in view of the fact that this is an appeal from an interlocutory decree granting an injunction, and the further fact that the proof introduced by the appellees is wholly omitted from the record, we would hesitate to decide the question raised by this assignment of error, even if our view of the second assignment did not render it unnecessary for us to announce more definitely on this first assignment.    Can the circuit court entertain jurisdiction of a suit in equity to subject the property of appellant, in advance of recovery of a judgment at law, to the payment of a simple contract debt, when said debt is not secured by a lien or mortgage?    It will be found that the case *Terry* v. *Anderson,* 95 U. S. 628, cited by appellee, by no means answers this question in the affirmative.    The bill in that case was against the trustees and stockholders to enforce against the stockholders of the insolvent bank the liability of said stockholders for the unredeemed bills of the bank, some of which bills complainants held.    Demurrers, not distinctly raising the question we are considering, were sustained, and the bill dismissed, and, in delivering the opinion of the court affirming the decree of the circuit court, Chief Justice WAITE says:

"The complainants are neither of them judgment creditors of the bank.    In a suit instituted by the assignees to close up the assignment, they proved their claims, and the amount due them was found for the purposes of a division.    The finding was sufficient for the purposes of distribution, but it has none of the characteristics of a judgment or decree, to be enforced as against anything but the fund which the court was then administering."

At a subsequent day of the term, in overruling a petition for rehearing, he used this language quoted in the brief of appellees' counsel:

"Ordinarily a creditor must put his demand into judgment against his debtor, and exhaust his remedies at law, before he can proceed in equity to subject choses in action to its payment.    To this rule there are, however, some exceptions, and we are not prepared to say that a creditor of a dissolved corporation may not, under certain circumstances, claim to be exempted from its operation.    If he can, however, it is upon the ground that the assets of the corporation constitute a trust fund which will be administered by a court

of equity, the principle being that equity will not permit a trust to fail for want of a trustee."

The case of *Graham* v. *Railroad Co.*, 102 U. S. 148, cited by appellees, was a bill by judgment creditors of the railroad to subject certain lands alleged to have been fraudulently obtained from the railroad to the payment of complainant's judgments. The bill was dismissed on demurrer. The question we are now considering was not in the case, and the concluding paragraph of Judge BRADLEY's opinion, quoted by appellees' counsel, does not touch the question as to the appellees here being proper parties to bring the bill they have exhibited against appellants.

Appellees' counsel quotes the second paragraph of the syllabus in the report of the case of *Mellen* v. *Iron Works*, 131 U. S. 353, 9 Sup. Ct. Rep. 781, which appears to sustain the contention of appellees. In the body of the opinion we note this language:

"It is, however, contended that the furnace company could not rightfully invoke the aid of a court of equity to remove this lien or incumbrance until it had, by obtaining judgment for its debt and suing out execution, exhausted its legal remedies. *Jones* v. *Green*, 1 Wall. 330; *Van Weel* v. *Winston*, 115 U. S. 228, 245, 6 Sup. Ct. Rep. 22. But that was one of the questions necessary to be determined in the suit brought by that company, and any error in deciding it would not authorize even the same court, in an original, independent suit, to treat the decree as void.  *  *  .*  In the view we take of the case, it is not necessary to determine the soundness of any of these propositions; for, if the court erroneously ruled upon any of them, its decree could not for that reason be assailed in a collateral proceeding as void for want of jurisdiction."

And we take it that the supreme court in this case expressly did not decide the question we are now considering. We understood counsel for appellees to say in his oral argument that this bill was exhibited in strict conformity with a statute of Georgia which provided that, in cases of insolvent corporations, any three creditors might sue for the relief these appellees seek. We have not been furnished a reference to the section of the statute, and we have not been able to find it in the edition of the Code we have examined; but, assuming that we correctly understood counsel, we suggest that, to make such statute applicable to the circuit court, each of the three creditors required must be a creditor to an amount exceeding $2,000, while one of these appellees exhibits a claim of only $236.72. But we are of opinion that the statute referred to cannot aid the jurisdiction of the circuit court.

In the case of *Scott* v. *Neely*, 140 U. S. 106, 11 Sup. Ct. Rep. 712, a statute of Mississippi, which authorized creditors in advance of judgment to sue for the relief sought in that case, was greatly relied on to support the jurisdiction; but the supreme court, through Mr. Justice FIELD, in announcing their decision, say:

"Whatever control the state may exercise over proceedings in its own courts, such a union of legal and equitable relief in the same action is not allowed in the practice of the federal courts."

And after a very thorough and critical discussion of the question the opinion concludes:

"It follows from the views expressed that the court below could not take jurisdiction of this suit, in which a claim properly cognizable only at law is united in the same pleadings with a claim for equitable relief."

And so must we say in this case. Therefore the decree granting the injunction must be reversed, and the injunction dissolved; and it is so ordered.