HARRISON et al. v. FARMERS' LOAN & TRUST CO. OF NEW YORK.

(Circuit Court of Appeals, Fifth Circuit. May 31, 1899.)

No. 816.

1. CREDITORS' SUITS—RIGHT TO MAINTAIN.
   Simple-contract creditors cannot come into a court of equity to obtain a seizure of property of the debtor in satisfaction of their claims.
2. SAME—FOLLOWING STATE PRACTICE.
   This is so though a statute of the state may authorize such a proceeding in a state court.
3. SAME—DISMISSAL WITHOUT PREJUDICE.
   When a simple-contract creditor files a creditors' bill, the dismissal should be without prejudice.
4. SAME—MODIFICATION OF DECREE ON APPEAL.
   When a decree dismissing a bill absolutely is erroneous, in that the dismissal should be without prejudice, the court will modify it on appeal, though complainant does not urge the error.

Appeal from the Circuit Court of the United States for the Northern District of Texas.

J. E. Gilbert and E. B. Perkins, for appellants.
H. B. Turner and Frederick Geller, for appellee.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. The appellants were simple-contract creditors of the Greenville Water & Electric Light Company. Their claim had not been reduced to judgment, and they had no express lien, by mortgage, trust deed, or otherwise. It is well settled by the supreme court that such creditors cannot come into a court of equity to obtain a seizure of the property of a debtor, and its application to the satisfaction of their claims; and this, notwithstanding

a statute of the state may authorize such a proceeding in the courts of the state. Hollins v. Iron Co., 150 U. S. 371, 378, 14 Sup. Ct. 127; Scott v. Neely, 140 U. S. 106, 11 Sup. Ct. 712; Cates v. Allen, 149 U. S. 451, 13 Sup. Ct. 883, 977. It follows that the demurrer was properly sustained in the circuit court.

The decree dismissing the bill was absolute, and, although the appellants have not objected on that account, it should be modified. Lacassagne v. Chapuis, 144 U. S. 119, 126, 12 Sup. Ct. 659. The decree of the court below dismissing the bill is so modified as to declare that it is without prejudice to an action at law, or to the assertion by the appellants in the suit by the Farmers' Loan & Trust Company v. The Greenville Water & Electric Light Company of any equity they may have under the statutes of the state of Texas providing for the appointment of receivers against corporations; and as so modified the decree is affirmed.