MATHEW'S SLATE CO. v. MATHEWS et al.

(Circuit Court, D. Massachusetts. May 11, 1906.)

No. 282.

1. REMOVAL OF CAUSES—GROUNDS—MOTION TO REMAND.

On a motion to remand a cause commenced by a bill in a state court intended to invoke a special statutory jurisdiction of such court, which cannot be exercised by a federal court of equity, the court will not retain jurisdiction merely because the application of the statute to the facts alleged in the bill is in doubt; that being a question properly determinable by the state court on demurrer.

2. COURTS—JURISDICTION OF FEDERAL COURTS—ENFORCING STATUTORY EQUITABLE REMEDY.

Rev. Laws Mass. c. 159, § 3, cl. 7, which provides that the supreme and superior courts shall have jurisdiction in equity of suits by creditors to reach and apply in payment of a debt any property or interest of a debtor which cannot be reached to be attached or taken on execution in an action at law, is a statute enlarging the equitable jurisdiction of such courts, rather than one enlarging equitable rights, and does not apply to a federal court which is without jurisdiction to entertain a suit brought thereunder.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, §§ 797, 798.]

On Motion to Remand to State Court.

LOWELL, Circuit Judge. This was a bill in equity brought in the superior court of Massachusetts against Mathews and King by a receiver suing in the name of the corporation to reach an interest of Mathews, the principal defendant, which was in the hands of King. The bill alleged that this interest could not be come at to be attached in an action at law. The complainant is a Maine corporation, Mathews a citizen of Vermont, and King a citizen of Massachusetts. The defendant Mathews sought to remove the cause to this court, but the state court denied his motion. He then filed his petition for removal to this court, and the case is now heard on the complainant's motion to remand.

Rev. Laws Mass. c. 159, § 3, cl. 7, provides that the supreme and superior courts shall have jurisdiction in equity of:

"Suits by creditors to reach and apply, in payment of a debt, any property, right, title or interest, legal or equitable, of a debtor, within or without this commonwealth, which cannot be reached to be attached or taken on execution in an action at law, although the amount of the debt is less than one hundred dollars or the property sought to be reached and applied is in the hands, possession or control of the debtor independently of any other person or cannot be reached and applied until a future time or is of uncertain value, if the value can be ascertained by sale, appraisal or by any means within the ordinary procedure of the court. In such suit, the interest of a partner of the defendant in the partnership property may be reached and applied in payment of the plaintiff's debt; but unless it is a judgment debt, the business of the partnership shall not be enjoined or otherwise interrupted further than to restrain the withdrawal of any portion of the debtor's share or interest therein until the plaintiff's debt is established; and if either partner gives to the plaintiff a sufficient bond with sureties approved by the clerk, conditioned to pay to the plaintiff the amount of his debt and costs within thirty days after it is established, the court shall proceed no further therein than to establish the debt; and upon the filing of such bond, any injunction previously issued in such suit shall be dissolved."

The complainant's contention may be summarized thus: The federal Constitution and laws give to federal courts of equity that jurisdiction, neither less nor more, which inheres in a court of chancery as such, and apart from statute. This cause is without the jurisdiction which is inherent in a court of chancery, as such, and is cognizable by a court sitting in equity only by virtue of the statute above quoted. Therefore this cause is without the jurisdiction of a federal court in equity, inasmuch as that jurisdiction is unaffected by state statutes. Therefore this court, if it permits the cause to be removed here, must upon demurrer or other objection, duly taken by the defendant, dismiss the bill for want of jurisdiction in equity. From these considerations it follows that the cause must be remanded. The defendant is not permitted to remove into a federal court a cause pending in a state court of equity, if the equitable jurisdiction invoked in the bill rests altogether upon a state statute. The cause cannot be removed from a court which has jurisdiction thereof in equity into a court which has no jurisdiction. Removal into a federal court will not be permitted altogether to defeat the complainant's statutory right. The vindication of the right must be left to that tribunal which alone has jurisdiction to enforce it.

The complainant relies upon Cates v. Allen, 149 U. S. 451, 13 Sup. Ct. 977, 37 L. Ed. 804. There a bill in equity was filed by a simple creditor in a court of Mississippi, seeking to apply to the payment of his debt property conveyed by the debtor in fraud of creditors. The defendant removed the cause to the Circuit Court. On appeal, the Supreme Court held that the statute of Mississippi did not affect the jurisdiction of a federal court of equity; that the federal court was without jurisdiction of the cause, and must dismiss the bill if it was originally brought therein; and that the removal of the cause could not be permitted if it would deprive the complainant of his statutory right. The cause was therefore remanded to the state court. In order to bring himself within the rule laid down in Cates v. Allen, the complainant must show: (1) That this bill invokes the jurisdiction given by statute to the state courts of equity; and (2) that the jurisdiction thus invoked does not inhere in a court of chancery as such, and so cannot be entertained by a federal court. If the complainant can establish these two propositions, the cause here in question must be remanded to the superior court of Massachusetts. If either proposition fails of proof, the motion to remand must be denied. This result is admitted on both sides.

1. The defendant contends that the bill does not state a case within the statute. He argues that the claims alleged against Mathews sound in tort, and not in contract, and so are not "debts" within the meaning of the statute, nor is the complainant the defendant's "creditor." The complainant cannot resist removal merely because his bill is wanting in equity, and would be dismissed by this court upon that ground. He is not allowed to take his chance in a state court in the hope that that court may take a broader view of the general jurisdiction of a court of equity than does this court. On the other hand, this court is not required to construe in detail a state statute, in order to determine if the allegations of the bill which invoke the statutory jurisdiction are sufficient. Let us suppose, for the sake of the argument, that there is doubt of the application of the statute to the claims alleged in this bill. The construction of the statute is for the state court. That is the ulti-mate tribunal authorized to determine finally if the statute has, in fact, conferred upon the court a jurisdiction which the Legislature of the state might undoubtedly confer if it so willed. If the state court construes the statute so as to entertain jurisdiction of this bill, the defend-ant will find himself where the statute has placed him. If the state court construes the statute more narrowly, the defendant loses nothing by the remand. It is not to be supposed that the state court will deem the statute inapplicable, and yet retain jurisdiction of the cause in the exercise of its ordinary equitable powers. The bill here in question is manifestly intended to invoke the statutory jurisdiction, and that alone. If it is demurrable, it will be dismissed on demurrer, and that question cannot be decided on a motion to remand.

2. Has this court jurisdiction of the cause? Only for want of juris-diction in this court will the cause be remanded to the state court. If this court can determine the controversy, it will do so, whatever may be the jurisdiction which the complainant sought to invoke. The

case will be remanded only upon the concurrence of two conditions, viz., an equitable statutory jurisdiction invoked in the state court, and a want of equitable jurisdiction in this court.

That this bill could not be maintained in the absence of the statute is admitted by the defendant. It is settled that the "jurisdiction of the federal courts, sitting as courts of equity, is neither enlarged nor diminished by state legislation." Mississippi Mills v. Cohn, 150 U. S. 202, 204, 14 Sup. Ct. 75, 76, 37 L. Ed. 1052. If Williams v. Crabb, 117 Fed. 193, 54 C. C. A. 213, 59 L. R. A. 425, holds a contrary doctrine, the case is inconsistent with the decisions of the Supreme Court.

Inasmuch as a court of chancery, in the absence of statute, is without jurisdiction in the case at bar, and inasmuch as the jurisdiction of this court is not enlarged by the statute, it would seem to follow that this court is here without jurisdiction. But, as was said in Reynolds v. Crawfordsville Bank, 112 U. S. 405, 410, 5 Sup. Ct. 213, 216, 28 L. Ed. 733:

"It may be conceded that the Legislature of a state cannot directly enlarge the equitable jurisdiction of the Circuit Court of the United States. Nevertheless, an enlargement of equitable rights may be administered by the Circuit Courts as well as by the courts of the states. Broderick's Will, 21 Wall. 503, 520, 22 L. Ed. 599. And, although a state cannot give jurisdiction to any federal court, yet it may give a substantial right of such a character that, when there is no impediment arising from the residence of the parties, the right may be enforced in the proper federal tribunal, whether it be a court of equity, admiralty, or common law. Ex parte McNiel, 13 Wall. 236, 243, 20 L. Ed. 624."

And, in Cates v. Allen, the court said:

"Doubtless new classes of cases may by legislative action be directed to be tried in chancery, but they must, when tested by the general principles of equity, be of an equitable character, or based on some recognized ground of equity interposition."

It is not always easy to determine whether a given statute of a state (1) enlarges equitable rights, in which case the jurisdiction of the federal courts in equity may be indirectly increased; or (2) enlarges the jurisdiction of a court of equity, in which case it is without application to the federal courts. Only by a comparison of decided cases of binding authority can this court determine into which class the statute here in question properly falls.

The following statutes, among others, have been held to be within the first class, as enlarging equitable rights rather than enlarging equity jurisdiction, viz.: A statute authorizing one having title and possession, or one claiming title, whether in or out of possession, to bring a bill in equity without previous suit at law in order to remove a cloud upon the title to real estate. Clark et al. v. Smith, 13 Pet. 195, 10 L. Ed. 103; Holland v. Challen, 110 U. S. 15, 3 Sup. Ct. 495, 28 L. Ed. 52; More v. Steinbach, 127 U. S. 70, 8 Sup. Ct. 1067, 32 L. Ed. 51; Wehrman v. Conklin, 155 U. S. 314, 15 Sup. Ct. 129, 39 L. Ed. 167; Gormley v. Clark, 134 U. S. 338, 10 Sup. Ct. 554, 33 L. Ed. 909; Bardon v. Land River Improvement Co., 157 U. S. 327, 15 Sup. Ct. 650, 39 L. Ed. 719; Prentiss v. Duluth Co., 58 Fed. 457, 7 C. C. A. 293. A statute giving a court of equity jurisdiction to relieve against a deed void on its face. Reynolds v. Crawfordsville Bank, 112 U.

S. 405, 5 Sup. Ct. 213, 28 L. Ed. 733. A statute (or constitution or judicial interpretation) allowing one interested in an estate to attack a will by a "direct proceeding." Richardson v. Green, 61 Fed. 423, 9 C. C. A. 565. In that case the proceeding in the state court was not specifically equitable, but the federal court held the case to be one of equitable relief. A statute allowing a court of equity to enjoin the collection of taxes. Cummings v. National Bank, 101 U. S. 153, 25 L. Ed. 903; Grether v. Wright, 75 Fed. 742, 23 C. C. A. 498. A statute authorizing a simple creditor to maintain a bill in equity for the appointment of a receiver and for the sale and distribution among creditors of the property of an insolvent corporation. Darragh v. Wetter Mfg. Co., 78 Fed. 7, 23 C. C. A. 609; Jones v. Mutual Fidelity Co. (C. C.) 123 Fed. 506; Land Title Co. v. Asphalt Co., 127 Fed. 1, 62 C. C. A. 23.

The following statutes, among others, have been held to be of the second class, as enlarging the jurisdiction in equity rather than giving equitable rights, viz.: A statute authorizing a simple creditor to bring a bill in equity in order to reach and apply his debtor's property. Scott v. Neely, 140 U. S. 106, 11 Sup. Ct. 712, 35 L. Ed. 358; Cates v. Allen, 149 U. S. 451, 13 Sup. Ct. 977, 37 L. Ed. 804; Hollins v. Brierfield Coal Co., 150 U. S. 371, 14 Sup. Ct. 127, 37 L. Ed. 1113. A statute authorizing three simple creditors to reach and apply in equity the property of an insolvent corporation. Atlanta R. R. Co. v. Western R. R. Co., 50 Fed. 790, 1 C. C. A. 676; Harrison v. Farmers' Loan & Trust Co., 94 Fed. 728, 36 C. C. A. 443. If we confine ourselves to the cases in the Supreme Court, we shall find that the Massachusetts statute in the case at bar resembles those which a federal court does not recognize more closely than those which it does recognize.

Following certain expressions of the Circuit Court of Appeals for the Eighth Circuit in Darragh v. Wetter Mfg. Co., the defendant urges that Cates v. Allen has been questioned and, in effect, overruled. I can find no trace of this. The case has often been cited by the Supreme Court, always with approval, never with doubt. The authority of Darragh v. Wetter Mfg. Co., and the cases which have followed it in the same court, is thus considerably weakened, indeed, as being based upon a misconception of Cates v. Allen.

The opinion of the Circuit Court of Appeals for the Sixth Circuit rendered in Grether v. Wright suggests that the decision in Cates v. Allen rests altogether upon the following considerations: The Mississippi statute there in question, by providing a remedy in equity, in effect denied the defendant the right of jury trial. To have permitted this denial in a federal court would have contravened the seventh amendment to the federal Constitution, and the statutory proceeding was therefore deemed inadmissible. Now the courts of Massachusetts have held that the Massachusetts statute, though providing for proceedings in equity, must be construed so as to leave to the defendant his right of jury trial. Powers v. Raymond, 137 Mass. 483. And hence, if the federal courts adopt in their entirety the proceedings of the Massachusetts statute, a jury trial will still be preserved to the defendant, and so the seventh amendment will not be contravened. The

defendant argues that the statutory jurisdiction may thus be entertained by this court.

But the decision of the Supreme Court in Cates v. Allen, and in other cases above referred to, was not rested wholly upon the unconstitutionality of the statutory proceeding. Moreover, to permit the complainant to proceed here in equity, while the defendant retains a right to jury trial, not merely for the trial of issues framed by the court, but in general as guarantied by the Constitution, would so disarrange federal procedure in equity as to leave it at the mercy of any state statute which does not contravene the seventh amendment.

The defendant urges that this court should follow the statutory procedure, upon the ground that it does not provide what is in reality a bill in equity, but a special statutory proceeding at common law. Cowley v. No. Pacific R. R., 159 U. S. 569, 16 Sup. Ct. 127, 40 L. Ed. 263. But the Massachusetts statute is explicit in providing a suit in equity, and the procedure in Massachusetts under it shows plainly that the state courts treat the statutory proceedings as equitable. Wilson v. Martin Wilson Fire Alarm Co., 151 Mass. 515, 24 N. E. 784, 8 L. R. A. 309; Snyder v. Smith, 185 Mass. 59, 69 N. E. 1089. That the statute of Kentucky which was in controversy in Courtney v. Pradt, 196 U. S. 89, 25 Sup. Ct. 208, 49 L. Ed. 398, differed materially from the statute of Massachusetts before this court, appears from the report of that case in the Circuit Court. 135 Fed. 818, 821.

It follows, therefore, that the statute is deemed to enlarge equitable jurisdiction so that the federal courts cannot enforce it; that the federal court must therefore dismiss this bill, if the cause remains here; and, finally, that the cause must be remanded to the superior court, in which it originated, and which alone has cognizance of it.

Cause to be remanded