# Graydon *v.* Buford.

## *Assumpsit.*

(Decided June 30, 1911.  56 South. 77.)

1. *Courts; Place of Holding; Validity of Statute.*—The act requiring the holding of the circuit court of Marshall county, a place other than the county seat, is valid.

2. *Dismissal and Non Suit; Cause; Sufficiency.*—The recitals in the bills of exceptions examined and stated and held to sufficiently show that the non suit was taken because of adverse rulings of the court.

3. *Work and Labor; Abandonment of Employment.*—No recovery can be had for work and labor done under an express contract for service where the engagement is voluntarily abandoned.

4. *Same; Evidence.*—Where the action was for money due on account of work and labor done under a contract for services, and on an account due and unpaid, it was admissible to show what plaintiff's railroad fare was in coming from his field of employment to headquarters to await the arrival of certain goods, where it appeared that he returned by the authority of his employer.

5. *Appeal and Error; Exceptions; Necessity For.*—A charge of the court. cannot be reviewed where no exception thereto is shown by bill of exceptions.

[Graydon v. Buford.]

. APPEAL from Marshall Circuit Court.

Heard before Hon. A. H. ALSTON.

Action by John T. Graden against J. W. Buford. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

The bill of exceptions shows as follows: That after argument of counsel the court announced his intention of charging the jury that the plaintiff could recover nothing at all under the contract, and that there was only one item in controversy, and that was the $5 claimed to have been paid at Huntsville to the plaintiff, and that he would further charge the jury that, if the plaintiff had paid out more in defraying his expenses than had been paid to him by the defendant, he could only recover the overplus, but that, if defendant had paid out more in expense for the plaintiff than the plaintiff had paid, then they should find for the defendant for the overplus, and the court so charged the jury and the plaintiff took a nonsuit with the bill of exceptions.

INZER, McCORD & ORR, for appellant. The evidence showed that Downey was a partner and what he did and said in the transaction was clearly admissible.— *Gibson v. Snow Hwd. Co.*, 94 Ala. 346; *Martin v. Brown*, 75 Ala. 442; *Talladega I. Co. v. Peacock*, 67 Ala. 253; *Bir. Co. v. Tenn. Co.*, 127 Ala. 137. Hence, if the partner directed the appellant to go back home and wait, the appellee was bound by it.—*Gilliland v. Dunn*, 136 Ala. 327. Under these authorities, the expense of the return was a proper charge against the appellee. Under the evidence the appellee had the right to return home and bring this suit for work and labor done. *Beadle v. Graham*, 66 Ala. 99; *Darden v. James*, 48 Ala. 33; *Holloway v. Tolbert*, 70 Ala. 389.

JOHN A. LUSK, and A. E. HAWKINS, for appellee. No brief. came to the Reporter.

PER CURIAM.—The motion to dismiss the appeal proceeds on the theory that the act requiring the holding of the circuit court of Marshall county at Albertville, a place other than the county seat, is void. The question was considered, and determined adversely to this motion, in *Merchants' National Bank of Lafayette, Ind., v. Thos. B. McNaron et al.*, 55 South. 242. The action is stated in separate counts; one for money due by account for work and labor done, and the other, on an account due and unpaid.

The bill of exceptions sufficiently shows that the nonsuit was suffered because of adverse rulings by the court.—*Long v. Holley*, 157 Ala. 514, 47 South. 655. It appears from the bill that, by written contract, defendant (appellee) engaged plaintiff (appellant) to serve defendant in the sale of patent churn rights and patent churns elsewhere than at Albertville, Ala. The wages to be paid were stipulated in the writing and defendant was to bear all expenses in travel, except that plaintiff was to pay one-half the expenses "in going out"—the testimony shows—to the state of Texas.

The theory of the defendant seems to have been that plaintiff could not recover in this action if he voluntarily abandoned the engagement. This is true if shown.—*Maxwell & Delhomme v. Moore*, 163 Ala. 490, 50 South. 882. Whether it was true was, we think, a jury issue under the evidence. This conclusion results from the view that there was evidence tending to show that Downey was defendant's partner in the enterprise, and, also, that he was authorized to direct plaintiff in the performance of the service for which plaintiff had engaged to defendant. If this phase of the evidence (it was in conflict with other testimony in the case) was

[Graydon v. Buford.]

credited by the jury, it was then reasonably possible for the jury to also find that plaintiff had not voluntarily abandoned the contract. It was in connection with this feature of fact in the case that the court erred, we think, in excluding Downey's statement referred to in the first assignment of error.

If plaintiff left the field of service under authoritative orders of Downey and returned to Alabama, to await the arrival of the "Moody model," he was entitled to recover the expense of that journey. Being so entitled, upon the contingency of the jury finding indicated before, the testimony tending to show what the railroad fare was should have been admitted. It was error to exclude it. If, on the other hand, Downey's authority to order or direct plaintiff in the service was found not to exist or that it was not exercised by him, the plaintiff could not recover, for it is unquestionable on this record that he abandoned the contract if Downey did not direct his return to Alabama.

No exception to the charge of the court is shown by the bill, so it cannot be reviewed.

The judgment is reversed and the cause is remanded.

Reversed and remanded.

Note.—The foregoing opinion was prepared by Mr. Justice McClellan, of the Supreme Court, before the transfer of the case to this court, and is adopted by this court.