# Buford *v.* Graden.

## *Assumpsit.*

(Decided February 12, 1914. 64 South. 552.)

1. *Contract; Employment; Breach; Evidence.*—Where the action was for breach of contract of employment, and there was evidence that the employer had sent plaintiff to Texas with another salesman, and had placed him under the management and direction of such other salesman, the court properly permitted plaintiff to question said other salesman as to his contract with the company employing plaintiff, since it tended to show service by plaintiff, and was corroborative of his testimony as to what the employer directed him to do in Texas.

2. *Same.*—Where the employer sent the employee to Texas with another salesman and placed him under the direction and control of such other salesman and directed such other salesman to pay the employee's expenses, the court properly permitted the employee to

show by such other salesman that he did not pay the employee's expenses back to Alabama, the failure to pay such expenses being one of the bases for the action for breach of the contract.

3. *Same; Construction.*—Where an employer contracted with a salesman to sell churns and territory, agreeing to pay his expenses, and sent him to Texas, and placed him under the direction of another salesman, the question whether the employee could recover for his expenses for the trip back to Alabama, depended upon the question of fact whether such other salesman directed him to return to Alabama, and if so, whether he had such authority, both questions being for the jury under the evidence.

4. *Charge of Court; Invading Jury's Province.*—Charges which if given would take from the jury the decision of questions which were properly jury questions are refused without error.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Assumpsit by John T. Graden against John W. Buford. Judgment for plaintiff and defendant appeals. Affirmed.

JOHN A. LUSK & SON, and A. E. HAWKINS, for appellant. This case should be reversed and remanded on the authority of *Graden v. Buford,* 1 Ala. App. 668; *Buford v. Graden,* 5 Ala. App. 421.

E. O. McCORD, and THOMAS E. ORR, for appellee. Counsel insist that on the authority relied on by appellant, this cause should be affirmed.

McCLELLAN, J.—This is the third appeal of the case.—1 Ala. App. 668, 56 South. 77; 5 Ala. App. 421, 59 South. 368. There is no occasion to repeat the sufficient statement of the case there to be found.

There is no merit in any of the assignments predicated of rulings on the admission of testimony, and mentioned in brief for appellant. The contract contemplated the payment of certain wages and expenses of travel and sale of "churns and territory," except half of the expenses "in going out." According to plaintiff's

testimony, defendant subjected plaintiff as defendant's employee, to the absolute direction and control of Downey, with whom defendant had a working agreement to share in the proportion of one-half in the sale of the "Bowling churn," pending the perfection of the delayed model of the Moody churn, which defendant intended to sell in Texas, and, further, that the model for the Moody churn did not come before plaintiff's return, at Downey's suggestion or direction, to Alabama on a round-trip ticket purchased by plaintiff with his own funds. The plaintiff testified that defendant directed him to do "whatever Downey said for me [him] to do."

The several questions to the witness Downey, in reference to the contract for the sale of Bowling churns, were properly allowed, in view of the testimony, wherefrom it was open to be found by the jury that defendant had placed plaintiff, his employee, under the management and direction of Downey. All this testimony tended to show service by plaintiff for defendant, as well as to corroborate plaintiff in respect of his view of what defendant had directed him to do at the time he first left Alabama for Texas. With Downey's relation to plaintiff and defendant as some of the evidence tends to show, it was manifestly proper to allow plaintiff to show by Downey that Downey did not pay his expenses back to Alabama.

The appellant complains of the refusal of his charges 1 to 12, inclusive. None of these charges were erroneously refused. The authorization of Downey, by defendant, in respect of his control over plaintiff, was very broad. But while this is true, it by no means followed that the plaintiff's right to recover against defendant was determinable by the finding whether Downey had the power to "discharge" plaintiff from defendant's service. Whether plaintiff was entitled to include

the expense of the trip back to Alabama depended upon whether the jury should conclude that Downey, exercising a conferred authority, directed plaintiff to return to Alabama, pending the arrival of the Moody model. These were questions for the jury, which some of the refused charges would, had they been given, have taken from the jury. The same observations may be made with reference to the plaintiff's hotel expenses at Mt. Pleasant.

Those charges that conclude against plaintiff's right to recover at all were all faulty, in that they omitted consideration of the plaintiff's right to recover wages earned and expenses incurred prior to his return to Alabama. That plaintiff was not discharged by defendant upon plaintiff's return to Alabama, and that defendant did not regard his conduct or action as in breach of their contract, is strongly manifested by the facts and circumstances attending defendant's subsequent trip to Texas on which he carried plaintiff.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and SOMERVILLE, JJ., concur.