(94 South. 239)

## LUDDEN & BATES v. WATT.   (3 Div. 406.)

(Court of Appeals of Alabama.   Oct. 24, 1922.)

**1. Corporations ☞170—"Stockholder" de- fined.**

A "stockholder" is one who appears on the books of a corporation as owner of shares, and therefore entitled to a voice in the man- agement and burdened with liabilities incident to that relation which can only be thrown off by transferring the stock.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Stock- holder.]

**2. Witnesses ☞140(16)—Corporation stock- holder with only one share disqualified as witness· for pecuniary interest.**

Where a witness testified that he was treasurer and bookkeeper of defendant corpo- ration, and in order to qualify for that posi- tion held one share of stock given him by the president, which share paid him no dividend, due to the poor condition of business, *held* that he was nevertheless disqualified as a wit- ness on behalf of the corporation relative to an alleged contract with one since deceased, in view of Code 1907, § 4007, declaring such testimony incompetent because of the witness' pecuniary interest.

**3. Work and labor ☞9—Recovery precluded under common count, unless existing express- ed contract is fully executed.**

Recovery cannot be had under the common counts on an implied contract, where an ex- press contract exists, unless the express con- tract has been fully executed and performed, and no duty remains but the payment of the price in money by the defendant.

**4. Work and labor ☞28(5)—Contract held insufficiently established to permit recovery.**

In an action by an administratrix to re- cover on the common count for work and labor done by deceased, where the only evidence re- lied upon to establish a contract was corre- spondence, which in fact made not the slightest reference to any contract, *held* that the plain- tiff had failed to make out a case.

**5. Executors and administrators ☞427—Wid- ow as administratrix cannot recover money due her personally under widow's exemption claim.**

Where a widow's claim of exemption to the amount of money involved in litigation is filed with the probate court and is uncontest- ed, and apparently states facts which exempt the money to her free from the payment of debts and administration, the money in litiga- tion belongs to her personally, and she cannot, if seasonable objection is made, recover such money in the litigation as administratrix of her deceased husband.

Appeal from Circuit Court, Lowndes Coun- ty; A. E. Gamble, Judge.

Action by Lucy Watt as administratrix of the estate of C. T. Watt, deceased, against Ludden & Bates, a corporation. From a judgment for plaintiff defendant appeals. Reversed and remanded.

The bill of exceptions shows the following:

"Mr. C. E. Clower, a witness for the defend- ant, testified as follows: That he is treasurer and bookkeeper for the defendant in this cause, and that he has no financial interest in the re- sult of this suit, and that if said suit was won or lost it would not result in any change of his status with the company.

"The attorney for the defendant at this point examined the witness, who testified that he held one share of stock in the defendant cor- poration, which was essential to his being an officer; that said stock was transferred to him by the president for this purpose; that he is stockholder, and carries one share of stock; that he does not receive any dividends from said stock; that the defendant company is not · paying dividends because business is not good enough; that said stock was transferred to him by the president in order that he might qualify

as an officer. The plaintiff objected to the witness testifying as to any transaction of the defendant with the deceased on the ground of financial interest, which objection was sustained by the court. The defendant thereupon duly and legally excepted."

James S. Edson, of Montgomery, for appellant.

A pecuniary interest in the result of the suit is essential to disqualify a witness under section 4007 of the Code of 1907. 127 Ala. 137, 28 South. 679; 97 Ala. 649, 11 South. 748; 94 Ala. 335, 11 South. 293; 80 Ala. 436, 2 South. 300; 67 Ala. 386. A decree of the lower court will be reversed, when it appears that the finding was contrary to the great weight of the evidence. 200 Ala. 271, 76 South. 37; 196 Ala. 403, 72 South. 52; 196 Ala. 422, 72 South. 54; 203 Ala. 631, 84 South. 802; 81 South. 364; 17 Ala. App. 26, 81 South. 362; 201 Ala. 647, 79 South. 119; 87 South. 85.

Joseph R. Bell, of Hayneville, for appellee.

The witness Clower, being an officer and stockholder in the defendant corporation, and therefore pecuniarily interested, was disqualified to testify as to any transaction with the deceased. Code 1907, § 4007; 199 Ala. 589, 75 South. 9; 168 Ala. 469, 53 South. 228.

MERRITT, J.  [1] A stockholder is one who appears on the books of a corporation as owner of shares, and is therefore entitled to a voice in the management of its affairs, and is burdened with liabilities incident to that relation, which can only be thrown off by transferring the stock. In re Argus Printing Co., 1 N. D. 434, 48 N. W. 347, 12 L. R. A. 781, 26 Am. St. Rep. 639.

[2] The witness Clower admitted that he was a stockholder in defendant corporation, but sought to place himself outside of the rule laid down in section 4007 of the Code, by declaring that he had no pecuniary interest in the suit, that the share of stock which he held was transferred to him in order that he might be an officer in the corporation; that defendant corporation was not paying any dividends because business is not good enough. In other words, as stated in brief and argument of counsel for appellant, the witness is simply a "dummy" stockholder. Being a stockholder, however, he is obviously interested in the result of the suit, and to say that he has no pecuniary interest in the same is to deny an obvious fact. In the case of Buye v. Ala. Marble Quarries, 199 Ala. 589, 75 South. 9, the Supreme Court held that a stockholder in a corporation is pecuniarily interested in the result of the suit. Speaking of the "pecuniary interest" that would disqualify one from serving as a juror, the Supreme Court, in the case of Burdine v. Grand Lodge of Alabama, 37 Ala. 480, says:

"It is certainly a good and wholesome rule, which should be strictly regarded, that any pecuniary interest, even the smallest, in the event of the suit, will disqualify a person from serving on the jury charged with its trial."

There was no error in the ruling of the court in refusing to permit the witness Clower to testify, as to any transaction he may have had with deceased, relative to the terms of the contract in litigation.

[3] The suit is on the common counts to recover for work and labor done. The right to declare on common counts and under the terms of a contract is stated in Martin v. Massie, 127 Ala. 504, 29 South. 31, as follows:

"The general rule is, that where there is an express contract, the plaintiff cannot resort to an implied one, but must recover, if at all, on the express agreement. 'An exception to the rule, however, is that he may recover on the common counts, although the evidence discloses a special agreement, when such an agreement has been executed and fully performed, and no duty remains but the payment of the price in money by the defendant. But so long as the contract continues executory, the plaintiff must declare specially,' and prove performance." McCormick v. Badham, 204 Ala. 2, 85 South. 401; Moundville Lumber Co. v. Warren, 203 Ala. 488, 83 South. 479; Graydon v. Buford, 1 Ala. App. 668, 56 South. 77.

[4] The amount claimed was for five months' salary, at $50 per month, which the appellee contends is due for work and labor done by deceased, under the terms of a contract that deceased had with the appellant corporation. The only knowledge that the witness, Miss Edna Watt, daughter of the deceased, had as to a contract or the terms thereof, as she testified, was acquired by certain correspondence, which was introduced in evidence. This correspondence, which consists of four letters written by appellant corporation to deceased, merely mentions the inclosure of a $50 check for a week's advance, one saying on salary, but in none of these letters is there the slightest reference to any contract, the terms or duration thereof, or that one in fact ever existed. As this was the only testimony for the appellee bearing on the question of the existence vel non of a contract, and the statement that a contract existed, being predicated on the fact that knowledge of this fact was acquired by and through correspondence, which correspondence in no wise discloses a contract, it is patent that the appellee failed to make out her case, and that the court trying the case without a jury should have rendered a judgment in favor of the appellant. As the case may be tried again, it is well to state that, had the matter been brought to the attention of the trial court, the appellee could not have recovered under the pleading in this cause.

[5] The suit is brought in the name of Mrs. Lucy Watt as administratrix of the estate of C. T. Watt, deceased, but during the progress of the trial the appellee introduced in evidence her claim of exemptions as widow, to the amount of the money in controversy in this litigation, which claim of exemptions had been duly filed in the probate office of Lowndes county. With this claim of exemptions on file, uncontested, and apparently stating facts which under the law exempts this money to the widow free from the payment of debts and administration, the money in litigation belongs personally to the widow, and she cannot, if seasonable objection be made, recover it in her representative capacity.

Reversed and remanded.