## FELICE PERRELLI CANNING CO., Inc., et al. v. CERTIFIED FOOD STORES, Inc.

(District Court, E. D. New York. September 11, 1926.)

No. 2678.

Receivers ⬥12.

Court of equity is without power to appoint receiver for defendant's property in suit by simple contract creditor.

In Equity. Suit by the Felice Perrelli Canning Company, Inc., and another, against the Certified Food Stores, Inc. On motion of complainants for receiver. Denied.

Graham, McMahon, Buell & Knox, of New York City (Edward Ward McMahon, of New York City, and Albert Conway, of Brooklyn, N. Y., of counsel), for complainants.

Boskey, Schiller, Marvin & Serling and Jonas & Neuberger, all of New York City (Ira A. Schiller and Louis Posner, both of New York City, of counsel), for defendant.

MOSCOWITZ, District Judge. This is an application made by the complainants herein for a receiver of the property and assets of the defendant.

This is an action in equity, brought by the complainants, claiming that the defendant is indebted to Felice Perrelli Canning Company, Inc., in the sum of $25,000 for breach of contract. The complainants herein are alleged to be simple contract creditors. This court cannot appoint a receiver in an equity action brought by a simple contract creditor. In Pusey & Jones Co. v. Hanssen, 261 U. S. 491, 497, 43 S. Ct. 454, 455 (67 L. Ed. 763), it was decided:

"But an unsecured simple contract creditor has, in the absence of statute, no substantive right, legal or equitable, in or to the property of his debtor. This is true, whatever the nature of the property, and although the debtor is a corporation and insolvent. The only substantive right of a simple contract creditor is to have his debt paid in due course. His adjective right is, ordinarily, at law. He has no right whatsoever in equity until he has exhausted his legal remedy. After execution upon a judgment recovered at law has been returned unsatisfied, he may proceed in equity by a creditors' bill."

I will therefore not consider the merits of the application. This decision is based upon the ground that this court is without jurisdiction.

Motion denied. Settle order on notice.