## LEE v. RIEFLER & SONS, Inc.

### No. 680.

District Court, M. D. Pennsylvania.
Sept. 27, 1930.

Welles, Mumford & Stark, Philip V. Mattes, and J. Julius Levy, all of Scranton, Pa., for complainant.

A. G. Rutherford, of Honesdale, Pa., for respondent.

WATSON, District Judge.

The bill of complaint was filed by Edmund W. Lee v. Riefler & Sons, Inc., praying for the appointment of receivers for that corporation. The bill alleges, among other

things, that the complainant is a citizen of New York state; · that the respondent is a Pennsylvania corporation; and that the jurisdictional amount is involved. The bill further alleges that the complainant is a stockholder and a creditor of the respondent corporation; that the respondent is solvent, but has not sufficient money on hand, and is unable to obtain sufficient moneys to meet its immediate maturing obligations, and that the interests of the officers of the respondent are antagonistic to the interests of the respondent and its stockholders and creditors. Receivers were appointed ex parte on July 25, 1930, and a rule granted returnable July 29, 1930, upon the respondent to show cause why the order appointing the receivers should not be made permanent. The matter now before the court is arisen upon this rule.

The rule was heard upon bill, answer, and testimony taken before the court. · The respondent, in its answer, denies that the complainant is either a stockholder or a creditor of the respondent, and contends that the complainant has failed to establish that he is either a stockholder or a creditor of the respondent.

From the evidence I find certain facts as follows:

That the complainant, at the time the bill was filed, owned and held a promissory note made by Wm. F. Riefler for $4,000; that Riefler was, at the time he gave the note to the complainant, president and general manager of the respondent; that the complainant held as collateral security for said note certificates representing sixteen shares of stock in the respondent corporation in the name of Wm. F. Riefler, assigned on the back thereof in blank by the said Wm. F. Riefler; that the respondent gave a judgment bond dated October 18, 1921, to Carrie M. Riefler, wife of Wm. F. Riefler, to secure the payment of $4,250; that no judgment was entered on said bond, and that said bond was assigned in writing to the complainant on July 25, 1930, the assignment being dated July 23, 1930.

■ It is difficult to find anywhere from the evidence facts which would make it possible to hold that the complainant was a stockholder in the respondent corporation. No certificate had ever been assigned or transferred to him. The complainant's name did not appear upon the books of the corporation as an owner of shares. He merely possessed certificates of stock assigned in blank, which he was holding as collateral. The "stockholder" of a corporation means one

whose status as such appears on the books of· the corporation. Mere possession of an endorsed certificate is not sufficient. Mateer v. New Jersey Telephone Co. (N. J. Sup.) 135 A. 663. "A stockholder is one who appears on the books of a corporation as owner of shares, and is therefore entitled to a voice in the management, ⁎ ⁎ ⁎ and is burdened with liabilities incident to that relation, which can only be thrown off by transferring the stock." Ludden & Bates v. Watt, 18 Ala. App. 652, 94 So. 239, 240. "A person who holds shares of stock in pledge, although the shares are assigned in blank by the registered owner, does not become a stockholder until the shares are transferred to him on the books of the corporation; and a mere pledgee, who has not become a registered stockholder, is not entitled to participate in, or to be notified of, the proceedings to effect a consolidation of two or more companies." Cleveland City Ry. Co. v. First Nat. Bank, 68 Ohio St. 582, 67 N. E. 1075, 1079.

■ The complainant contends that, for the reason that he was given an opportunity to convert his claim against Wm. F. Riefler into a class "B" debenture bond of the respondent corporation, therefore he was a creditor of the respondent corporation, and that respondent assumed the payment of the obligation of Wm. F. Riefler. The complainant evidently preferred not to accept the obligation of the respondent and give up his obligation against Wm. F. Riefler. Not having done so, he still remained a creditor of Wm. F. Riefler, and did not become a creditor of the respondent.

■ As to the complainant becoming a creditor of the respondent by reason of the assignment to him of the bond given by the respondent to Carrie M. Riefler, here we find a written assignment made the very day the bill was filed, evidently for the purpose of giving to the complainant additional collateral security for his note by Wm. F. Riefler for $4,000. If the complainant had been successful in collecting his claim from Wm. F. Riefler, he would not have been entitled to retain the bond assigned to him by Carrie M. Riefler. Considering all the facts surrounding the assignment of the bond to the complainant, I cannot feel that the complainant was thereby placed in a position where a receiver should be appointed on his application.

■ Assuming that the complainant is correct in his contention, and that he is a creditor of the respondent either by reason of the assumption of the payment of the Wm. F.

Riefler note for $4,000, or by reason of the assignment to him of the bond of the respondent for $4,250, or for both reasons, then we have here a suit of a mere contract creditor without lien or security praying for the appointment of a receiver, and the court is without jurisdiction to appoint. "Court of equity is without power to appoint receiver for defendant's property in suit by simple contract creditor." Felice Perrelli Canning Co. v. Certified Food Stores (D. C. N. Y. 1926) 15 F.(2d) 891. "A simple contract creditor cannot invoke the aid of a court of equity until he has exhausted his remedies at law, chief among which is the recovery of a judgment at law and return of an execution unsatisfied." In re Richardson's Estate (D. C. Tex. 1923) 294 F. 349. "Simple contract creditor cannot have receiver of corporation's assets appointed, where corporation resists appointment." First Nat. Bank of Medford, Or., v. Stewart Fruit Co. (D. C. Cal. 1927) 17 F.(2d) 621.

Mr. Justice Brandeis stated, in delivering the opinion of the court in the case of Pusey & Jones Co. v. Hanssen, 261 U. S. 491, 43 S. Ct. 454, 455, 67 L. Ed. 763: "A receiver is often appointed upon application of a secured creditor who fears that his security will be wasted. Kountze v. Omaha Hotel Co., 107 U. S. 378, 395, 2 S. Ct. 911, 27 L. Ed. 609. A receiver is often appointed upon application of a judgment creditor who has exhausted his legal remedy. See White v. Ewing, 159 U. S. 36, 15 S. Ct. 1018, 40 L. Ed. 67. But an unsecured simple contract creditor has, in the absence of statute, no substantive right, legal or equitable, in or to the property of his debtor. This is true, whatever the nature of the property, and although the debtor is a corporation and insolvent. The only substantive right of a simple contract creditor is to have his debt paid in due course. His adjective right is, ordinarily, at law. He has no right whatsoever in equity until he has exhausted his legal remedy. After execution upon a judgment recovered at law has been returned unsatisfied, he may proceed in equity by a creditors' bill. Hollins v. Brierfield Coal & Iron Co., 150 U. S. 371, 14 S. Ct. 127, 37 L. Ed. 1113; Compare Swan Land & Cattle Co. v. Frank, 148 U. S. 603, 13 S. Ct. 691, 37 L. Ed. 577; National Tube Works Co. v. Ballou, 146 U. S. 517, 13 S. Ct. 165, 36 L. Ed. 1070; Pierce v. United States, 255 U. S. 398, 403, 41 S. Ct. 365, 65 L. Ed. 697."

I conclude that the complainant is not a stockholder of the respondent corporation and that, even if a creditor of the respondent,

as he contends, he is not such a creditor as will give to this court power to appoint a receiver at his instance, the respondent having resisted the appointment.

The bill filed in this case is dismissed, the injunction granted July 25, 1930, is dissolved, and the appointment of receivers made July 25, 1930, is revoked, the complainant to pay costs incurred by him, and respondent to pay costs incurred by it.