## MURDOCK v. FOLLANSBEE STEEL CORP. et al.

### Civ. No. 11110.

United States District Court
W. D. Pennsylvania.
Sept. 14, 1953.

Mahlon E. Lewis, Pittsburgh, Pa., and Albert I. Edelman, New York City, for plaintiff.

Sherman T. Rock and Thomas W. Moses, Paul, Lawrence & Rock, and Smith, Buchanan, Ingersoll, Rodewald & Eckert, Pittsburgh, Pa., for defendants.

WILLSON, District Judge.

Plaintiff, Rex Murdock, on behalf of himself and all other stockholders of Follansbee Steel Corporation similarly situated, brought this suit against the corporation and certain individual defendants who are both present and past directors of the corporation. Plaintiff charges defendants with fraud, mismanagement and waste and seeks judgment against the individual defendants in the sum of $3,500,000 on behalf of defendant Follansbee Steel Corporation and seeks judgment against defendants Christman and Dean, also in behalf of the defendant Follansbee Steel Corporation, for a large sum of money and for a decree rescinding and setting aside certain agreements between certain individual defendants and the defendant corporation, and also a decree directing defendant Follansbee Steel Corporation to return to the individual defendants certain shares of the corporation purchased in the transactions set forth in the complaint. Defendants filed a motion to require plaintiff to give security pursuant to the provisions of the Act of Pennsylvania of April 18, 1945, P.L. 253, 12 P.S. § 1321, for the reason that the complaint shows on its face that plaintiff owns less than five per centum of the outstanding shares of Follansbee Steel Corporation, and on the further ground that plaintiff was not a record owner of any shares of Follansbee Steel Corporation. At the argument, it was conceded by the defendants that plaintiff is the beneficial owner of five per centum of the outstanding stock of the corporation, but it was also conceded by all parties that plaintiff's stock was not registered on the books and records of Follansbee Steel Corporation. Defendants contend that plaintiff must either register his stock of record with the corporation or enter adequate security for expenses, costs, attorneys' fees, etc., as provided in the Act.

Plaintiff contends that the statute cited is not applicable to the case as defendant corporation was organized and exists under the law of Delaware, and that as Delaware has no such statute, no security can be ordered. This phase of the case presents no problem however, as the Supreme

Court of the United States has ruled directly against plaintiff's contention in Cohen v. Beneficial Loan Corporation, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528. In that case, a similar New Jersey statute was held applicable to a suit in a United States Court in New Jersey, the Supreme Court holding that the law of New Jersey as found in a similar statute should have been applied. In the present case, as in the Cohen one, the defendant corporation is a Delaware corporation, but the suit is brought in Pennsylvania and the statute cited applies to this case. Plaintiff must therefore be the owner of five per centum of the outstanding shares of the corporation or else enter security.

■■ The precise point as to whether a plaintiff must be a registered or recorded owner to avoid the security does not seem to have been decided. No decision of the Federal Courts or of the Pennsylvania Court has been cited on this particular point. Requirements of the statute are: first, Section 1, that the plaintiff be a *stockholder* at the time of the transaction of which he complains; or, that his stock devolved upon him by operation of law from a person who was a *stockholder* at such time. And second, Section 2, the requirement is that "In any such suit instituted or maintained by *holder or holders of less than five per centum of the* outstanding shares * * * the corporation in whose right such action is brought shall be entitled, *at any stage of the proceedings,* to require the plaintiff or plaintiffs to give security for the reasonable expenses, including attorneys' fees, which may be incurred by it * * *. (Emphasis added.) Plaintiff says that as defendants concede him to be the beneficial owner of five per centum of the stock, the requirements of the statute are fulfilled and nothing further is required of him at this time. It appears to this Court that the intention of the statute is otherwise. In the Cohen v. Beneficial Loan Corporation, supra, Mr. Justice Jackson discusses stockholders' derivative suits and the reason for the enactment of this and similar statutes. The law permits the corporation "at any stage of the proceedings" to require plaintiff to enter such security. This certainly means that whenever it appears during the course of the law suit that plaintiff's ownership has fallen below the minimum required, then the Court may order security. In this connection, it is pointed out that the statute permits the amount of the security to be increased from time to time in the discretion of the Court, upon showing that the security provided has or may become inadequate. Decisions of Courts which distinguish between "record", "legal" or "beneficial" ownership or title do not appear to embrace the situation under discussion, but they are helpful in determining whether a stockholder with regard to the point under discussion must be one of record. In Salt Dome Oil Corporation v. Schenck, Del. Sup., 41 A.2d 583, 585, 58 A.L.R. 975, it was held that:

"The term, 'stockholder', ordinarily, is taken to apply to the holder of the legal title to shares of stock. In most jurisdictions registration, or its equivalent, is essential to pass the legal title as against the corporation; and the unregistered transferee is not entitled to the rights and privileges of a stockholder in his relations with the corporation. Whatever may be the equitable rights that may arise by a delivery of the stock certificate accompanied with a power of attorney for its transfer, the legal title and legal rights and liabilities of the stockholder of record remain unchanged until the transfer is actually accomplished. The record owner may be but the nominal owner, and, technically, a trustee for the holder of the certificate; but legally he is still a stockholder, and may be treated as the owner by the corporation."

See also Schwartz v. The Olympic, Inc., D.C., 74 F.Supp. 800. In Bankers Nat. Corporation v. Barr, D.C., 7 F.R.D. 305, the Court held that one who was not a shareholder of record could not assert shareholder's rights either in behalf of or against the corporation. In Lee v. Riefler & Sons, Inc., D.C., 43 F. 2d 364, after a rather exhaustive discussion Judge Watson, of the Middle District of Pennsylvania, came to the conclusion that:

"Person holding certificate of stock assigned in blank as collateral security, but not appearing on corporate books as owner of stock, *held* not 'stockholder.'"

To the writer it does not seem that the intention of the statute is met unless the stock appears of record with the corporation. A registration of the stock is notice to the corporation at all times that plaintiff holds the minimum shares required by the statute. When such ownership falls below the minimum, then defendants are entitled to the remedy provided "at any stage of the proceedings." The registration of the stock is continuing notice to defendants, whereas unregistered shares are no notice whatsoever. In this matter the Court does not pass on plaintiff's right to sue as an unrecorded or beneficial owner of stock. We are only concerned with the application of the statute to the present case. It is the conclusion of this Court that the statute requires that plaintiff be a stockholder of record of five per centum of the outstanding shares of defendant corporation's stock or enter adequate and proper security. An appropriate order will be entered.