DAVIDSON–WESSON IMPLEMENT CO., Ltd., v. PARLIN & ORENDORFF CO.

(Circuit Court of Appeals, Fifth Circuit, December 5, 1905.)

No. 1,447.

CREDITORS' SUIT—JURISDICTION OF FEDERAL COURTS—STATE STATUTE ENLARGING REMEDY.

A simple contract creditor, who has not reduced his demand to judgment and exhausted his remedy at law, has no standing in a court of equity to have his claim adjudicated and to subject equities; nor can a state statute authorizing such suits in the courts of the state confer jurisdiction thereof upon a federal court, in which the defendant has the constitutional right to a trial by jury to determine the fact and amount of his indebtedness.

[Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Courts, § 905; vol. 14, Cent. Dig. Creditors' Suit, § 46.

Right to trial by jury in federal courts, see note to O'Connell v. Reed, 5 C. C. A. 603; Vany v. Peirce, 26 C. C. A. 528.]

Appeal from the Circuit Court of the United States for the Western District of Louisiana.

Counsel agree on appellants' statement of the case as follows: This case is an appeal from a decree of the United States Circuit Court for the Western District of Louisiana refusing to vacate an order appointing a receiver for the Davidson-Wesson Implement Company, Limited, and dissolve the writ of injunction restraining the officers of said corporation from managing or controlling its affairs, which decree continued the receiver appointed by said court in control of the property and assets of the appellant. The bill filed by complainant is quite extensive, also the motion to vacate and dissolve, which, for simplicity, we will endeavor to condense in this statement by eliminating the portions which we consider immaterial.

## Bill.

Appellee alleges that it is a corporation organized under the laws of the state of Illinois, and a citizen of said state, and that the Davidson-Wesson Implement Company, Limited, H. Albert Davidson, H. Edward Wesson, and Louis T. Mathews are residents and citizens of the parish of Calcasieu and state of Louisiana. The bill also made the Welsh National Bank a party defendant, which did not join in the motion to vacate and dissolve. Therefore the allegations as to it are not before this court for consideration. Appellee alleges that appellants Davidson, Wesson, and Mathews, during the month of December, 1901, entered into a fraudulent conspiracy to establish a store in the town of Welsh, La., by means of which they could purchase goods, sell same, and appropriate the proceeds of such sales to their individual uses, without incurring personal liability therefor; that with that purpose in view they organized a corporation on December 9, 1901, adopting the name of "Davidson-Wesson Implement Company, Limited"; the charter for same being signed, acknowledged, and recorded in the recorder's office of Calcasieu parish, La. After stating a number of the provisions of said charter, the bill charges upon information and belief: That said corporation was not formed in good faith for the purpose of carrying on a legitimate mercantile enterprise, but for the purpose of buying goods without any intention of ever paying for them. That nothing further was done towards forming a corporation. No stock was subscribed or certificates therefor issued, no election of officers or meeting of the directors ever held. That the appellant Davidson deeded, on December 9, 1901, lot No. 2, block 25, of the town of Welsh, with a building thereon, which appellee alleges, upon information and belief, was worth about $1,500, for the consideration of $4,100, which deed was not filed for record until January 1, 1903. That, if any contributions were made on stock subscriptions, they were made to pay freight on goods purchased by the said corporation. That the appellants had since the organization of said corporation purchased from various parties goods amounting to $40,000, paying only such debts as they found prudent and politic to pay in order to enable them to continue in business and delay the action of creditors, while the organization appropriated its moneys to their individual uses, charging that each of them had received the sum of $5,000 from said corporation. That the Davidson-Wesson Implement Company, Limited, owned a stock of goods of the probable value of $5,000, which it was selling for less than cost, as appellee is informed. That it owns notes and accounts of the probable value of $5,000, and mules, etc., of the probable value of $500. That it had contracted debts which are unsatisfied and owing to various creditors, "to the extent, as your orator charges and believes, of $25,000." That defendants were indebted to complainant in the sum of $19,323.70. But the bill does not assert any interest in defendant's property or any privilege upon same; nor does said bill allege that such indebtedness is past due. It alleges that the defendants refuse to pay complainant any sum, but continued to collect the notes and accounts owing to the corporation and appropriate the same to their own use. It states, upon information and belief, that Davidson, Mathews, and Wesson are each insolvent, that the Davidson-Wesson Implement Company, Limited, is insolvent, that all its property does not exceed the value of $10,000, and its indebtedness is at least $25,000. The bill closes with an appropriate prayer for the appointment of a receiver to take charge of the property of the Davidson-Wesson Implement Company, Limited, and for a writ of injunction restraining the defendants from selling or disposing of any goods, chattels, property, or effects belonging to the Davidson-Wesson Implement Company, Limited, etc.; that defendants be ordered and directed to pay orator the sums to be due to it by the notes and accounts described in the bill and that orator have judgment for said sums; and that defendants be required to answer said bill, but not under oath, which was specially waived.

## Motion to Vacate and Dissolve.

Appellants, after denying all of that portion of complainant's bill charging them with entering into a fraudulent conspiracy for the purpose of acquiring goods without intention of paying for same, or to appropriate same to their individual uses, allege that complainant knew same to be false and untrue at the time they were made. They allege that the Davidson-Wesson Implement Company, Limited, was organized in good faith, and they were advised, encouraged, and counseled to do so by the agents and representatives of complainant, who were fully cognizant of all facts connected therewith, and of the value of the property conveyed to it by Davidson, also their manner and method of doing business. They allege that 51 shares of stock of $100 each were subscribed and paid for in a valuable consideration, and that complainant had full knowledge thereof long prior to the filing of its bill; that the certificates representing said 51 shares of stock were issued; that all the formalities required by the laws of Louisiana were complied with; and that the corporate existence was complete in every respect; that the lot in Welsh and building thereon was purchased by the corporation from Davidson for $4,100, which was considered by each of the appellants and also by the agents and representatives of complainant, who were fully conversant with said transaction at the time it occurred, to be a reasonable valuation for same—pleading an estoppel as to the complainant urging any defect in the corporate organization or to the value of the property purchased from Davidson. Appellants further deny that they have ever appropriated to their several or individual uses the money received from the sale of goods, or that they have applied the cash to the payment of debts in order to delay the action of creditors, that they have appropriated to the uses of each the sum of $5,000, or any other sum, stating that the complainant knew said allegations to be false and untrue when made. Appellants allege that they applied all money received from the sale of goods to the payment of actual running expenses and to the payment of debts and obligations contracted in due course of business; that Davidson and Mathews have never received one cent from the corporation; and Wesson, who gave his time to its management, had received a salary of only $100 per month, and no further sum for his own benefit. Appellants deny that they had sold any goods for less than cost; aver that complainant knew this charge to be false and untrue at the time it was made; deny that it had on hand only $5,000 worth of goods, but allege that same was worth $8,886.67, which fact was well known by both complainant and its solicitor at time of filing the bill; allege that its notes and accounts receivable exceed $12,000, and the allegation in the complainant's bill that same was only $5,000 is false and untrue and was known to be so by both the complainant and its solicitor when made; deny that the Davidson-Wesson Implement Company, Limited, owes $25,000; and state that its total indebtedness does not exceed $11,500. They also deny an indebtedness of $19,323.70 to complainant. They also deny an indebtedness to the Welsh National Bank in the sum of $800, or any other sum. Appellants deny having refused to pay complainant any sum of money, and allege to have paid it large sums at various and different times; deny selling the goods of the implement company and appropriating same to their separate use, or of collecting the debts due it and applying same to their individual accounts; deny Davidson, Wesson, or Mathews, or either of them, are insolvent, or that the Davidson-Wesson Implement Company, Limited, is hopelessly insolvent, or that its property is worth only $10,000 and its debts amount to $25,000, but allege that its assets far exceed its indebtedness; allege that the officers of the Davidson-Wesson Implement Company, Limited, are entitled to remain in control of its corporate affairs and conduct its business; pray that the order appointing a receiver be vacated and the writ of injunction dissolved, and that its officers be reinstated in the custody and control of its assets. The answer is verified by the oath of H. A. Davidson, H. E. Wesson, and Louis T. Mathews.

Charlez A. McCoy and Leland H. Moss, for appellants.
U. F. Short, for appellee.

Before PARDEE and SHELBY, Circuit Judges, and MAXEY, District Judge.

PARDEE, Circuit Judge (after stating the facts). The foregoing statement shows that the Parlin & Orendorff Company, claiming to be a contract creditor of the Davidson-Wesson Implement Company, Limited, but asserting no lien, seeks relief in the Circuit Court of the United States for the Western District of Louisiana of both a legal and an equitable nature of the most drastic character—a judgment for the amount of the alleged debt, and an injunction, a receiver, and a liquidation of the defendant corporation. The bill must have been framed in view of the laws of Louisiana (see Acts La. 1898, p. 312, No. 159), for it is inadmissible under the rules and principles of equity as administered in the courts of the United States. Counsel calls his bill "a creditors' bill"; but it is settled since the beginning that a simple contract creditor has no standing in a court of equity to enforce payment or subject equities until after he has reduced his demand to judgment and has exhausted his remedy at law.

Assuming that the complainant below is seeking to avail himself in the United States courts of rights given creditors under the laws of Louisiana, the cases of Scott v. Neely, 140 U. S. 106, 11 Sup. Ct. 712, 35 L. Ed. 358; Cates v. Allen, 149 U. S. 451, 13 Sup. Ct. 977, 37 L. Ed. 804; Hollins v. Brierfield Coal & Iron Co., 150 U. S. 378, 14 Sup. Ct. 127, 37 L. Ed. 1113, dispose of this appeal adversely to his pretensions. And see Atlanta & F. R. Co. v. Western Railway Co. of Alabama, 50 Fed. 790, 1 C. C. A. 676. We quote from Cates v. Allen, supra:

"Complainants were simple contract creditors, who had not reduced their claims to judgment, and therefore had no standing in the United States Circuit Court, sitting as a court of equity, upon a bill to set aside and vacate a fraudulent conveyance. The suit was originally brought in the state court under sections 1843 and 1845 of the Code of Mississippi of 1880, which provided that the chancery courts of that state should have jurisdiction of bills exhibited by creditors who had not obtained judgments at law, or, having judgments, had not had executions returned unsatisfied, to set aside fraudulent conveyances of property or other devices resorted to for the purpose of hindering, delaying, or defrauding creditors, and might subject the property to the satisfaction of the demands of such creditors as if the complainants had had judgment and execution thereon returned no property found; and that 'the creditor in such case shall have a lien upon the property described therein from the filing of his bill, except as against bona fide purchasers before the service of process upon the defendant in such bill.' These sections were considered in Scott v. Neely, 140 U. S. 106, 11 Sup. Ct. 712, 35 L. Ed. 358, and it was therein determined that the Circuit Courts of the United States in Mississippi could not under their operation take jurisdiction of a bill in equity to subject the property of the defendants to the payment of a simple contract debt in advance of any proceeding at law, either to establish the validity or amount of the debt, or to enforce its collection. It was there shown that the Constitution of the United States, in creating and defining the judicial power of the general government, had established the distinction between law and equity, and that equitable relief in aid of demands cognizable in the courts of the United States only on their law side could not be sought in the same action, although allowable in the state courts by virtue of state legislation (Bennett v. Butterworth, 11 How. 669, 13 L. Ed. 859; Thompson v. Railroad Companies, 6 Wall. 134, 18 L. Ed. 765; Scott v. Armstrong, 146 U. S. 499, 512, 13 Sup. Ct. 148, 36 L. Ed. 1059), and that the Code of Mississippi in giving to a

simple contract creditor a right to seek in equity, in advance of any judgment or legal proceedings upon his contract, the removal of obstacles to the recovery of his claim caused by fraudulent conveyances of property whereby the whole suit involving the determination of the validity of the contract and the amount due thereon is treated as one in equity to be heard and disposed of without a trial by jury, could not be enforced in the courts of the United States because in conflict with the constitutional provision by which the right to a trial by jury is secured. The principle that a general creditor cannot assail as fraudulent against creditors an assignment or transfer of property made by his debtor until the creditor has first established his debt by the judgment of a court of competent jurisdiction, and has either acquired a lien upon the property, or is in a situation to perfect a lien thereon and subject it to the payment of his judgment, upon the removal of the obstacle presented by the fraudulent assignment or transfer, is elementary. Waite on Fraud. Con. § 73, and cases cited. The existence of judgment, or of judgment and execution, is necessary, first, as adjudicating and definitely establishing the legal demand; and, second, as exhausting the legal remedy."

The decree of the Circuit Court granting an injunction and appointing a receiver is reversed, and the cause is remanded, with instructions to discharge the receiver and dismiss the bill, with all costs.