VULCAN SHEET METAL CO. et al. v. NORTH PLATTE VALLEY IRR. CO.

(Circuit Court of Appeals, Eighth Circuit. January 4, 1915.)

No. 4026.

1. BANKRUPTCY ⊜65—ADJUDICATION—RIGHT.

Bankr. Act July 1, 1898, c. 541, § 18d, 30 Stat. 551 (Comp. St. 1913, § 9602), provides that, if the bankrupt or any of his creditors shall appear within the time limited and controvert the facts, the judge shall determine as soon as may be the issues presented, and make the adjudication or dismiss the petition. *Held* that, where the essential allegations of a creditors' petition were formally admitted, the petitioners were entitled to an adjudication, and it was no objection that after the bankruptcy petition was filed suit was brought by a creditor to foreclose a mortgage on a portion or all of the bankrupt's property, even though the value of the property was less than the lien.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 54, 121; Dec. Dig. ⊜65.]

2. BANKRUPTCY ⊜127—APPOINTMENT OF TRUSTEE.

Whether a trustee should be appointed for a bankrupt's estate is a matter for determination after an adjudication has been entered.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 183; Dec. Dig. ⊜127.]

Appeal from the District Court of the United States for the District of Wyoming; John A. Riner, Judge.

Petition by the Vulcan Sheet Metal Company and others for adjudication of bankruptcy against the North Platte Valley Irrigation Company. From a decree denying adjudication, petitioners appeal. Reversed, with directions.

---

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

Ernest Morris, of Denver, Colo. (William W. Grant, Jr., of Denver, Colo., on the brief), for appellants.

William C. Kinkead, of Cheyenne, Wyo. (Eldon Bisbee, of New York City, on the brief), for appellee.

Before CARLAND, Circuit Judge, and T. C. MUNGER and YOU-MANS, District Judges.

T. C. MUNGER, District Judge. In July, 1912, creditors of the North Platte Valley Irrigation Company (hereinafter referred to as the bankrupt) filed a petition in the court below, asking to have that company adjudicated a bankrupt. An answer was filed, denying the allegations of the petition as to insolvency and the commission of acts of bankruptcy, and demanding a jury trial. Afterwards a suit in equity was begun in the same court to foreclose a mortgage lien on property of the bankrupt. The court entered, in the bankruptcy proceedings, a stay of the suit for foreclosure, but at a later date set aside the stay. The case in bankruptcy came on for trial. The bankrupt waived its demand for a jury, confessed its insolvency, and the commission of one of the acts of bankruptcy. The court announced that an adjudication probably would have to be made, but held the case under advisement for seven months, when an order entered denied the prayer of the petition in the following words:

"Heretofore, to wit, on the 19th day of November, A. D. 1912, the motion of petitioning creditors by Morris & Grant, their attorneys, to have the North Platte Valley Irrigation Company declared a bankrupt, having been presented to the court and by the court taken under advisement—

"Now, on this 30th day of June, A. D. 1913, it appearing to the court from the records thereof that the Continental & Commercial Trust & Savings Bank and Wm. P. Kopf, as trustees, having heretofore and on the 1st day of October, A. D. 1912, filed their bill of complaint to foreclose their mortgage on all of the property in the hands of the receiver appointed by this court, it is ordered by the court that said motion to have the North Platte Valley Irrigation Company adjudged a bankrupt be and the same is hereby denied, and the petition of creditors herein to have the North Platte Valley Irrigation Company adjudged a bankrupt is hereby dismissed."

From that order the creditors have prosecuted this appeal.

[1] Section 18d of the Bankruptcy Act is as follows:

"If the bankrupt, or any of his creditors, shall appear, within the time limited, and controvert the facts alleged in the petition, the judge shall determine, as soon as may be, the issues presented by the pleadings, without the intervention of a jury, except in cases where a jury trial is given by this act, and make the adjudication or dismiss the petition."

As the essential allegations of the creditors' petition were formally admitted to be true, the court should have speedily entered an adjudication of bankruptcy. In Acme Harvester Co. v. Beekman Lumber Co., 222 U. S. 300–309, 32 Sup. Ct. 96, 100 (56 L. Ed. 208), the court said:

"It was the duty of the bankruptcy court, if it intended to administer the property under the Bankruptcy Law, to promptly determine the question of adjudication, to proceed with the selection of a trustee and the administration and distribution of the estate, as required by the act. This it evidently declined to do, and permitted the creditors' committee, which had been organized for the avowed purpose of defeating court proceedings, to adminis-

ter the estate, to buy and sell property, and mature a plan for the reorganization of the concern. This may have been for the benefit of the creditors, but it was not the administration of the law as laid down in the Bankruptcy Law. It is not within the province of the bankruptcy court to deny an adjudication in bankruptcy, and then hold jurisdiction over the property for the purpose of allowing some of the creditors to effect a reorganization and distribution of the property."

The fact that a suit was begun, after the petition in bankruptcy was filed, for the foreclosure of a mortgage on a portion, or on all, of the bankrupt's property, even if the value of the property were less than the amount claimed to be due on the mortgage, was not a sufficient reason for denial of the adjudication of bankruptcy. By section 4b of the Bankruptcy Act it is provided that a petition may be filed against certain persons if they owe debts to the amount of $1,000 or over; and by section 3b of that act a petition may be filed against a person who is insolvent, and who has committed an act of bankruptcy within four months. While it is necessary that the defendant owes debts, it is not necessary that he has assets. See In re Hirsch (D. C.) 97 Fed. 571–573; In re J. M. Ceballos & Co. (D. C.) 161 Fed. 445–450.

[2] Whether or not in this case, a trustee should be appointed (General Order in Bankruptcy XV) and whether or not the trustee should assume, as part of the estate, property which was incumbered for more than its probable·value, were matters for later consideration. The petitioning creditors had complied with the provisions of the Bankruptcy Act, and were entitled to a judgment·fixing the status of the defendant as a bankrupt, and declaring the law applicable to the administration of its estate to be that formulated by the Bankruptcy Act.

The decree of the court below must be reversed, with directions to enter an adjudication of bankruptcy.