## THE PUSEY & JONES COMPANY *v.* HANSSEN.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE
THIRD CIRCUIT.

No. 431.   Argued February 27, 1923.—Decided April 9, 1923.

1. In the absence of a statute, a suit for a receiver of an insolvent corporation cannot be maintained in the District Court by an unsecured simple contract creditor.   P. 497.
2. A remedial right to proceed in a federal court in equity cannot be enlarged by a state statute.   P. 497.
3. Section 3883 of the Revised Code of Delaware, 1915, empowering the Chancellor to appoint a receiver for an insolvent corporation, " on the application and for the benefit of any creditor," etc., does not confer upon the creditor a substantive right but merely provides a new remedy, which cannot affect proceedings of the federal courts in equity.   P. 498.
4. A decree confirming and continuing a receivership of a corporation, entered without equity jurisdiction on the application of a simple unsecured contract creditor, could not be cured by the mere intervention afterwards of another party claiming to be a creditor with a mortgage lien on the corporation's property.   P. 501.

279 Fed. 488, reversed.

CERTIORARI to a decree of the Circuit Court of Appeals affirming a decree of the District Court confirming and continuing a receivership.

*Mr. Lindley M. Garrison,* with whom *Mr. Charles H. Tuttle, Mr. Selden Bacon* and *Mr. Saul S. Myers* were on the briefs, for petitioner.

*Mr. William H. Button,* with whom *Mr. John P. Nields* and *Mr. Wm. G. Mahaffy* were on the brief, for respondent.

The Delaware statute justifies the procedure herein and the action of the court below.

The appointment of the receivers was well within the discretion of the District Court.

The question of the jurisdiction of a federal court to proceed under the Delaware statute at the instance of a creditor who has not reduced his claim to judgment is not determinative of this proceeding, for two reasons: (1) The respondent was a stockholder, as well as a creditor, and, as such, could proceed unhampered by any of the obstacles urged by the petitioner; (2) the intervention of the United States Shipping Board Emergency Fleet Corporation injected a party that had a direct lien upon all of the valuable real estate owned by the petitioner.

It is claimed that the proceedings were so defective that they could not be perfected by a subsequent intervention. But the lower court had full jurisdiction over the original parties and over the subject-matter of the proceeding, any defect arising from the fact that the complainant had not reduced his claim to judgment being one that could be waived. And the proceeding was legitimately in court, if for no other purpose than that of enforcing the transfer of the preferred stock to the complainant's name. The petitioner's contention in this behalf seems to be in effect that there was no proceeding and therefore none in which the Emergency Fleet Corporation could intervene. This is not the situation for the above reasons, if for no others.

Furthermore, it is not true that a defect of jurisdiction arising from the lack of capacity of a party may not be cured by the intervention of a party properly qualified. This was a class action, brought for the benefit of all stockholders and creditors. If the original complainant cannot qualify, the proceedings are perfected by the intervention of one of the prescribed class who can qualify. *Hanna* v. *Lyon,* 179 N. Y. 107.

The federal court has jurisdiction in equity to appoint a receiver under the Delaware statute at the instance of a simple contract creditor. *Ex parte McNiel,* 13 Wall. 236; *Davis* v. *Gray,* 16 Wall. 203; *Case of Broderick's*

*Will,* 21 Wall. 503; *Louisville & Nashville R. R. Co.* v. *Western Union Tel. Co.,* 234 U. S. 369; *Greeley* v. *Lowe,* 155 U. S. 58. The only inquiry here is whether this statute creates a new right or remedy, equitable in character, applicable to a situation for which there was no adequate and complete legal remedy.

The statute creates a new right, namely, the right to a receivership solely upon the insolvency of a corporation. *Jones* v. *Mutual Fidelity Co.,* 123 Fed. 506.

The right to a receivership is a substantial right and oftentimes constitutes the only means of saving both the creditors and stockholders immense values in the possession of insolvent corporations. The argument that no such relief is permissible as the only and ultimate relief prayed for in a proceeding, is sufficiently answered by reference to the many cases in the federal courts in which that relief only has been requested and granted. The right is, of course, equitable. *Hollins* v. *Brierfield Coal & Iron Co.,* 150 U. S. 371; *Williamson* v. *Wilson,* 1 Bland's Ch. (Md.) 418.

The District Court in the District of Delaware has proceeded for many years upon the above principles in the enforcement of this statute. *Wheeler* v. *Walton & Whann Co.,* 64 Fed. 664; *Maxwell* v. *Wilmington Dental Mfg. Co.,* 82 Fed. 214; *Jones* v. *Mutual Fidelity Co.,* 123 Fed. 506; *Hitner* v. *Diamond State Steel Co.,* 176 Fed. 384; *Adler* v. *Campeche Laguna Corporation,* 257 Fed. 789; *Spackman* v. *Swan Creek Co.,* 274 Fed. 107; *Hanssen* v. *Pusey & Jones Co.,* 276 Fed. 296.

Many of the Circuit Courts of Appeals have upheld similar statutes. *Darragh* v. *Wetter Mfg. Co.,* 78 Fed. 7; *McGraw* v. *Mott,* 179 Fed. 646; *Land Title & Trust Co.* v. *Asphalt Co.,* 127 Fed. 1; *Kessler* v. *William Necker, Inc.,* 258 Fed. 654; *Lion Bonding & Surety Co.* v. *Karatz,* 280 Fed. 532,

*United States v. Sloan Ship Yards Corporation,* 270
Fed. 613; *Davidson-Wesson Implement Co.* v. *Parlin &
Orendorff Co.,* 141 Fed. 37; *Jacobs* v. *Mexican Sugar Co.,*
130 Fed. 589; *Harrison* v. *Farmers' Loan & Trust Co.,* 94
Fed. 728; *Tompkins Co.* v. *Catawba Mills,* 82 Fed. 780;
*Morrow Shoe Co.* v. *New England Shoe Co.,* 57 Fed. 685;
*Atlanta & Florida R. R. Co.* v. *Western Ry. Co.,* 50 Fed.
790; *Mathews Slate Co.* v. *Mathews,* 148 Fed. 490, dis-
tinguished.

A review of these cases, relied upon by the petitioner,
shows that they add nothing to the discussion. Those
that apply at all simply rely upon the cases of *Scott* v.
*Neely,* 140 U. S. 106; *Cates* v. *Allen,* 149 U. S. 451; and
*Hollins* v. *Brierfield Coal & Iron Co.,* 150 U. S. 371, which
do not govern this question.

The complainant had no adequate remedy at law and
the decision affording him relief was correct.

MR. JUSTICE BRANDEIS delivered the opinion of the
Court.

Section 3883 of the Revised Code of Delaware, 1915
(which embodies the Act of March 25, 1891, c. 181, 19
Del. Laws, p. 359) provides:

"Whenever a corporation shall be insolvent, the Chan-
cellor, on the application and for the benefit of any cred-
itor or stockholder thereof, may, at any time, in his dis-
cretion, appoint one or more persons to be receivers of
and for such corporation, to take charge of the estate,
effects, business and affairs thereof, and to collect the out-
standing debts, claims, and property due and belonging
to the company, with power to prosecute and defend, in
the name of the corporation or otherwise, all claims or
suits, to appoint an agent or agents under them, and to
do all other acts which might be done by such corporation
and may be necessary and proper; the powers of such
receivers to be such and continued so long as the Chan-

cellor shall think necessary; provided, however, that the provisions of this Section shall not apply to corporations for public improvement."

Whether the federal court sitting in equity has, by reason of the above statute, jurisdiction to appoint a receiver of an insolvent Delaware corporation upon application of an unsecured simple contract creditor is the main question presented.[1]

Invoking the power conferred by the statute, Hanssen, a subject of Norway, brought in the federal court for the District of Delaware this suit in equity against The Pusey & Jones Company, a corporation organized under the general laws of that State. The bill, which was prosecuted on behalf of all creditors and stockholders, alleged that the corporation was insolvent; that plaintiff was a creditor, holding promissory notes issued by it; and that he was also a stockholder. It prayed that a receiver be

---

[1] It will be assumed that the words " any creditor " as used in the statute include an unsecured simple contract creditor. It was so held by the District Court and by the Circuit Court of Appeals in this case, 276 Fed. 296; 279 Fed. 488; and it had been previously so held in the District Court. *Jones* v. *Mutual Fidelity Co.*, 123 Fed. 506. The question, which is one of construction, does not appear to have been expressly decided by the courts of Delaware. The reported cases do not disclose that it has been raised in the state courts. In those cases in which jurisdiction was taken, the plaintiff was apparently a stockholder, *Thoroughgood* v. *Georgetown Water Co.*, 9 Del. Ch. 84; *Ross* v. *South Delaware Gas Co.*, 10 Del. Ch. 236; *Sill* v. *Kentucky Coal & Timber Development Co.*, 11 Del. Ch. 93; *Hopper* v. *Fesler Sales Co.*, 11 Del. Ch. 209; *Badenhausen Co.* v. *Kidwell*, 107 Atl. (Del.) 297; see also *Du Pont* v. *Standard Arms Co.*, 9 Del. Ch. 315; *Mark* v. *American Brick Manufacturing Co.*, 10 Del. Ch. 58; *In re D. Ross & Son, Inc.*, 10 Del. Ch. 434; *Fell* v. *Securities Company of North America*, 11 Del. Ch. 101; *Whitmer* v. *Wm. Whitmer & Sons, Inc.*, 11 Del. Ch. 185; *Jones* v. *Maxwell Motor Co.*, 115 Atl. (Del.) 312; *Wheeler* v. *Walton & Whann Co.*, 64 Fed. 664; *Maxwell* v. *Wilmington Dental Mfg. Co.*, 82 Fed. 214; *Hitner* v. *Diamond State Steel Co.*, 176 Fed. 384; *Adler* v. *Campeche Laguna Corporation*, 257 Fed. 789.

appointed.[2]   The bill was filed on June 9, 1921; receivers
were appointed *ex parte;* and an order issued that the de-
fendant show cause, on June 18, why the receivers should
not be continued during the pendency of the cause.   On
June 11, the defendant moved to vacate the receivership.
The motion was denied.   Then, by answer, the defendant
objected that the court had no jurisdiction either at law
or in equity; denied that plaintiff was either a creditor or
a stockholder; denied that defendant was insolvent; and
asserted that defendant was entitled under the Federal
Constitution to have determined in an action at law the
question whether plaintiff was a creditor.

Upon a hearing of the order to show cause, had on bill,
answer, affidavits and exhibits, a decree was entered con-
firming the appointment of the receivers and continuing
them *pendente lite,* 276 Fed. 296.   This decree was
affirmed by the Circuit Court of Appeals for the Third
Circuit, 279 Fed. 488.  Neither the District Court, nor
the Circuit Court of Appeals, passed upon the question
whether Hanssen was a stockholder.   Both courts held
that, by reason of the state statute, the federal court sit-
ting in equity had jurisdiction and power to appoint a
receiver of a Delaware corporation upon application of a
simple contract creditor, whose claim had not been re-
duced to judgment and who had no lien upon the corpo-
rate property.   Both courts held that the controverted
question whether the plaintiff was a creditor could be
determined in the equity suit.   And both held (upon the
evidence submitted by affidavit) that the plaintiff was a
creditor.   The case is here on writ of certiorari.

---

[2] It prayed, also, that the defendant be directed to issue to plaintiff
a certificate for the stock which he claimed to own; and that the
receiver be directed to institute appropriate proceedings to set aside
a large judgment recently entered against defendant in that court,
which was alleged to have been recovered collusively.   The answer
denied the collusion.

That this suit could not be maintained in the absence of the statute is clear. A receiver is often appointed upon application of a secured creditor who fears that his security will be wasted. *Kountze* v. *Omaha Hotel Co.,* 107 U. S. 378, 395. A receiver is often appointed upon application of a judgment creditor who has exhausted his legal remedy. See *White* v. *Ewing,* 159 U. S. 36. But an unsecured simple contract creditor has, in the absence of statute, no substantive right, legal or equitable, in or to the property of his debtor. This is true, whatever the nature of the property; and, although the debtor is a corporation and insolvent. The only substantive right of a simple contract creditor is to have his debt paid in due course. His adjective right is, ordinarily, at law. He has no right whatsoever in equity until he has exhausted his legal remedy. After execution upon a judgment recovered at law has been returned unsatisfied he may proceed in equity by a creditor's bill. *Hollins* v. *Brierfield Coal & Iron Co.,* 150 U. S. 371; Compare *Swan Land & Cattle Co.* v. *Frank,* 148 U. S. 603; *National Tube Works Co.* v. *Ballou,* 146 U. S. 517; *Pierce* v. *United States,* 255 U. S. 398, 403. He may, by such a bill, remove any obstacle to satisfying his execution at law; or may reach assets equitable in their nature; or he may provisionally protect his debtor's property from misappropriation or waste, by means either of an injunction or a receiver. Whether the debtor be an individual or a corporation, the appointment of a receiver is merely an ancillary and incidental remedy. A receivership is not final relief. The appointment determines no substantive right; nor is it a step in the determination of such a right. It is a means of preserving property which may ultimately be applied toward the satisfaction of substantive rights.

That a remedial right to proceed in a federal court sitting in equity cannot be enlarged by a state statute is likewise clear, *Scott* v. *Neely,* 140 U. S. 106; *Cates* v. *Allen,*

149 U. S. 451. Nor can it be so narrowed, *Mississippi Mills* v. *Cohn,* 150 U. S. 202; *Guffey* v. *Smith,* 237 U. S. 101, 114. The federal court may therefore be obliged to deny an equitable remedy which the plaintiff might have secured in a state court.[3] Hanssen's contention is that the statute does not enlarge the equitable jurisdiction or remedies; and that it confers upon creditors of a Delaware corporation, if the company is insolvent, a substantive equitable right to have a receiver appointed. If this were true, the right conferred could be enforced in the federal courts, *Scott* v. *Neely,* 140 U. S. 106, 109;[4] since the proceeding is in pleading and practice conformable to those commonly entertained by a court of equity. But it is not true that this statute confers upon the creditor a substantive right.[5] The Bankruptcy Act of July 1, 1898, c. 541, §§ 3, 18, 30 Stat. 544, 546, 551, does confer upon

---

[3] The oft-quoted statement in *Davis* v. *Gray,* 16 Wall. 203, 221: "A party by going into a National court does not lose any right or appropriate remedy of which he might have availed himself in the State courts of the same locality ", must be taken with this qualification. See also *Ex parte McNiel,* 13 Wall. 236, 243; *Case of Broderick's Will,* 21 Wall. 503, 520.

[4] See also *Brine* v. *Insurance Co.,* 96 U. S. 627, 639; *Gormley* v. *Clark,* 134 U. S. 338, 348; *Bardon* v. *Land & River Improvement Co.,* 157 U. S. 327, 330; *Cowley* v. *Northern Pacific R. R. Co.,* 159 U. S. 569, 582; *Lawson* v. *United States Mining Co.,* 207 U. S. 1, 9; *Grether* v. *Wright,* 75 Fed. 742, 746.

[5] The same contention was made in the lower federal courts in cases brought under similar statutes enacted in other States. In some of these cases the court took jurisdiction under varying conditions. *Darragh* v. *Wetter Mfg. Co.,* 78 Fed. 7; *Land Title & Trust Co.* v. *Asphalt Co.,* 127 Fed. 1; *McGraw* v. *Mott,* 179 Fed. 646; *Kessler* v. *William Necker, Inc.,* 258 Fed. 654. In others it refused to do so. *Atlanta & Florida R. R. Co.* v. *Western Ry. Co.,* 50 Fed. 790, 794; *Morrow Shoe Mfg. Co.* v. *New England Shoe Co.,* 60 Fed. 341; *Harrison* v. *Farmers' Loan & Trust Co.,* 94 Fed. 728; *Davidson-Wesson Implement Co.* v. *Parlin & Orendorff Co.,* 141 Fed. 37. Compare *Mathews Slate Co.* v. *Mathews,* 148 Fed. 490.

creditors of a corporation (or individual) the right, under certain conditions, to have the property of an insolvent debtor taken possession of and administered by an officer of the court.   Compare *Acme Harvester Co.* v. *Beekman Lumber Co.,* 222 U. S. 300, 309, 310; *Vulcan Sheet Metal Co.* v. *North Platte Valley Irrigation Co.,* 220 Fed. 106. The Delaware statute does not confer upon creditors the right to have a receiver appointed, although the insolvency of the corporation may be palpable, hopeless and attended by indisputable fraud or mismanagement.   Insolvency is made a condition of the Chancellor's jurisdiction; but it does not give rise to any substantive right in the creditor. *Jones* v. *Maxwell Motor Co.,* 115 Atl. (Del.) 312, 314, 315. It makes possible a new remedy because it confers upon the Chancellor a new power.   Whether that power is visitorial, (as the petitioner insists) or whether it is strictly judicial, need not be determined in this case.   Whatever its exact nature, the power enables the Chancellor to afford a remedy which theretofore would not have been open to an unsecured simple contract creditor.   But because that which the statute confers is merely a remedy, the statute cannot affect proceedings in the federal courts sitting in equity.

The case is wholly unlike *Louisville & Nashville R. R. Co.* v. *Western Union Telegraph Co.,* 234 U. S. 369; and other cases in which federal courts, because of a state statute, entertained suits to remove a cloud upon title, which otherwise must have been dismissed.   In those cases, as pointed out in *Clark* v. *Smith,* 13 Pet. 195, 203, the statute changed a rule of substantive law.   For instance, a statute provides that a deed, void on its face, shall be deemed a cloud, whereas theretofore it was not.   It declares " what shall form a cloud on titles."   As stated in *Reynolds* v. *Crawfordsville First National Bank,* 112 U. S. 405, 410, the federal court looks " to the legislation of the State in which the court sits [and the land is situated] to ascer-

tain what constitutes a cloud upon the title, and what the state laws declare to be such the courts of the United States sitting in equity have jurisdiction to remove." In such cases, as the statute confers upon the landowner a substantive right, he is entitled to the aid of the federal court for its enforcement. But where a state statute relating to clouds upon title is held merely to enlarge the equitable remedy, it will not support a bill in equity in the federal court. Thus, in *Whitehead* v. *Shattuck,* 138 U. S. 146, the statute relied upon authorized a suit in equity by one out of possession against one in possession. As an action at law in the nature of ejectment afforded an adequate legal remedy, the bill to quiet title was dismissed.

The case at bar is also unlike *Re Metropolitan Railway Receivership,* 208 U. S. 90, 109, 110, and many others, in which there was express consent by the corporation to the appointment of the receiver, or where the indebtedness to plaintiff and the corporation's insolvency were admitted, or the lack of jurisdiction in equity was waived. The objection that the bill does not make a case properly cognizable in a court of equity does not go to its jurisdiction as a federal court. *Smith* v. *McKay,* 161 U. S. 355; *Blythe* v. *Hinckley,* 173 U. S. 501. The objection may, as pointed out in *Reynes* v. *Dumont,* 130 U. S. 354, 395, be taken by the court of its own motion. But, unlike lack of jurisdiction as a federal court, *Mansfield, Coldwater & Lake Michigan Ry. Co.* v. *Swan,* 111 U. S. 379, 382, lack of equity jurisdiction (if not objected to by a defendant) may be ignored by the court, in cases where the subject-matter of the suit is of a class of which a court of equity has jurisdiction. And where the defendant has expressly consented to action by the court or has failed to object seasonably, the objection will be treated as waived. *Brown* v. *Lake Superior Iron Co.,* 134 U. S. 530, 535, 536; *Southern Pacific R. R. Co.* v. *United States (No. 1),* 200

U. S. 341, 349.    In cases relied upon by respondent there was such waiver.    But, here, the company strenuously insisted throughout upon the absence of jurisdiction and denied every material allegation on which it is sought to support the bill.

Respondent contends that, even if there was originally lack of equity jurisdiction, the defect was cured on October 8, 1921, when the intervention of the United States Shipping Board Emergency Fleet Corporation was filed and allowed.    That corporation claimed to be a creditor and to have a mortgage lien on all the real estate of The Pusey & Jones Company.    The contention is that the original defect in jurisdiction was thus cured, because the existence of a direct lien gives equity jurisdiction for the appointment of receivers, unhampered by the obstacles that confront unsecured simple contract creditors.    The contention is clearly unsound; among other reasons, because the intervention did not occur until two months after entry of the decree here under review.

Respondent contends, also, that even if there was no jurisdiction of the suit as a creditor's bill, it should be sustained now as a stockholder's bill.    The answer denied that Hanssen was or ever had been a stockholder; denied that any certificate of stock ever had been assigned or transferred to him; denied that any certificate ever became his property; and denied that he was the holder or owner of any stock.    The bill prayed that the corporation be directed to issue to plaintiff a certificate for the stock which he claims to own.    Both the District Court and the Circuit Court of Appeals left undetermined this claim that he was or should be made a stockholder.    We do not decide it.    And we have no occasion to consider whether the bill could be sustained, if Hanssen proved to be a stockholder.

*Reversed.*

Mr. Justice McKenna and Mr. Justice Sutherland dissent.