## WOODFORD v. INTER OCEAN REFINING CO. et al.

(Circuit Court of Appeals, Seventh Circuit. March 25, 1925.)

No. 3393.

*I.* Receivers ⊂⟩180½—Dismissal of bill filed without leave by receiver is within discretion of court having jurisdiction of receivership.

Dismissal by court having charge of receivership of bill filed by receiver without leave is matter within discretion of court, of which receiver is an officer.

2. Corporations ⊂⟩556—Suit for receiver cannot be maintained in federal court on claim not reduced to judgment.

Bill on behalf of all creditors of corporation for appointment of receiver and to wind up affairs of defendant cannot be maintained in federal court on a claim not reduced to judgment.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit by J. W. Woodford, as receiver of the Southern Oil Corporation, against the Inter Ocean Refining Company. From a decree dismissing the bill, plaintiff appeals. Affirmed.

George G. King, Max Pam, and Harry Boyd Hurd, all of Chicago, Ill., for appellant.

Richard E. Kropf, of Chicago, Ill., Irving A. Fish, J. H. Marshutz, and G. R. Hoffman, all of Milwaukee, Wis., Herbert H. Thom-

as, of Madison, Wis., and Geo. I. Haight and Edmund Adcock, both of Chicago, Ill., for appellee.

Before ALSCHULER and PAGE, Circuit Judges.

PAGE, Circuit Judge. In a bill to foreclose a trust deed in Oklahoma, against the Southern Oil Corporation, appellant was appointed receiver under the provision of the trust deed. In the District Court (Northern District of Illinois) he was appointed ancillary receiver, and in that court, without leave, filed a bill, alleging a debt due from appellee to Southern Oil Corporation that was not reduced to judgment. He asked for the appointment of a receiver for and to wind up the affairs of appellee, an Illinois corporation. The suit was brought on behalf of Southern Oil Corporation and all creditors of appellee who might join. Without assigning a reason, the court dismissed the bill.

[1] 1. Appellant was an officer of the court, and the dismissal was within the discretion of the court.

[2] 2. Such a bill may not be maintained in a federal court before claim is reduced to judgment. Morrow Shoe Mfg. Co. v. New England Shoe Co., 60 F. (7th C. C. A.) 341, 8 C. C. A. 652, 24 L. R. A. 417; Pusey & Jones Co. v. Hanssen, 261 U. S. 491, 43 S. Ct. 454, 67 L. Ed. 763.

The decree is affirmed.