## MERCHANTS' BANK & TRUST CO. v. PFLUG et al.

(Circuit Court of Appeals, Seventh Circuit. May 6, 1925. Rehearing Denied June 17, 1925.)

No. 3512.

1. **Attorney and client ⬤70—Defendant's signature by attorney to unverified answer admitting simple contract creditor's right to relief presumed authorized, where no objection was made for three years.**

Where receivers were appointed on bill of simple contract creditor, and defendant's answer admitted that plaintiff was entitled to relief prayed, defendant could not avoid effect of answer, in giving court jurisdiction to appoint receiver, by claiming for first time and collaterally, three years after answer was filed, that it was not verified, and was signed by attorney; presumption being that signature was authorized.

2. **Courts ⬤322(2)—Pleadings held to show controversy.**

Bill, alleging that indebtedness of $4,500 was due and unpaid, and that amount in controversy, exclusive of interest and costs, exceeded $3,000, without alleging demand and refusal of payment, nor what it was for, and answer, admitting debt and right to relief prayed, and showing that demand would have been futile, held sufficiently to show controversy.

Appeal from the District Court of the United States for the Western District of Wisconsin.

T. M. Holland, of Eau Claire, Wis., for appellant.

Roy P. Wilcox, of Eau Claire, Wis., for appellees.

Before EVANS, PAGE, and ANDERSON, Circuit Judges.

PAGE, Circuit Judge. On a bill by a simple contract creditor and answer by appellee, the defendant, admitting the allegations and that plaintiff was entitled to the relief prayed, the District Court appointed receivers and granted a general restraining order. The latter order was modified to permit appellant, not a party to the bill, to

prosecute a suit then pending in the state court. A further modification to permit the institution of another suit was refused. Hence this appeal.

[1] The only question, if any, presented by the record is, Was the court without jurisdiction to enter any order? In support of its claim that a court may not appoint a receiver at the suit of a simple contract creditor, appellant cites In re Metropolitan Ry. Receivership, 208 U. S. 90, 107, 28 S. Ct. 219, 52 L. Ed. 403; and Pusey & Jones Co. v. Hanssen, 261 U. S. 491, 43 S. Ct. 454, 67 L. Ed. 763, but admits that those cases recognize an exception where an answer is made, consenting to the receivership. Conceding such an answer was made in this case, appellant seeks to avoid its effect by saying that it was signed by an attorney and was unverified. Inasmuch as neither the appellant nor any creditor has, during the three years which the answer has been on file, questioned its sufficiency, it must be presumed that the signature was authorized. Moreover, after a lapse of nearly three years, appellant here raises the question collaterally and for the first time. That may not be done.

[2] The appellee averred an indebtedness of $4,500, to be due and unpaid. It also averred diversity of citizenship and made the usual allegation that the amount in controversy, exclusive of interest and costs, exceeded $3,000. It did not aver a demand for and refusal to pay the amount. Neither did the bill state what the indebtedness was for. For these reasons, principally, it is urged that no "controversy" is shown by the pleadings. The answer admits the debt and the right to the relief prayed. There are allegations from which it appears, not only that frequent demands had probably been made, but also, and very conclusively, that a demand would have availed nothing. The averments were sufficient to show a "controversy." In re Metropolitan Ry. Receivership, 208 U. S. 90, 107, 28 S. Ct. 219, 223, 52 L. Ed. 403.

The order of the District Court is affirmed.