ESSEX COUNTY COURT OF QUARTER SESSIONS.

STATE OF NEW JERSEY, PLAINTIFF, v. HARRY COOPER, DEFENDANT.

For the motion, *George R. Sommer.*

UNGER, S. C. C.   A motion has been made on behalf of the defendant to quash the search warrant issued on December 15th, 1930, directing a search of premises at No. 10 Main street, in the city of Orange, New Jersey.   The warrant was executed on December 16th, 1930, and intoxicating liquor was seized.

Several grounds have been urged in support of the motion. The principal contention of the defendant is that there was no probable cause for its issue on December 15th, 1930, because of the lapse of twenty-five days from November 10th, 1930, the date set forth in the affidavit submitted to procure the warrant, of the alleged purchase of liquor at the premises by the complaining witness.

The statute under which the warrant was issued (*Pamph. L.* 1922, *ch.* 255) was modeled after the Federal Espionage act and its language is substantially similar to that of the Federal act.   The construction of the latter by federal courts is therefore of prime importance.   It was said in *United States* v. *McKay* (*District Court, D. Nevada*), 2 *F.* (*2d*) 257:

"There can be no hard or fast rule fixed by courts to satisfy every such situation, under all circumstances. Each case must depend upon its own facts. The person or persons who are charged with having whiskey in their possession, the quantity of liquor, and the place where it is kept, may all be taken into account, as well as the alleged sale and lapse of time."

This decision sustained the warrant under consideration and was followed in *United States* v. *Callahan* (*District Court, M. D. Pa.*), 17*F* (2*d*) 937, with the same result. In the first of these cases, twelve days elapsed between the alleged sale of intoxicating liquor and the making of the affidavit to procure the warrant. In the second, a period of thirteen days elapsed between the making of the affidavit and the issuance of the warrant. In *Hawker* v. *Queck* (*C. C. A., 3d Circuit*), 1*F* (2*d*) 77, a warrant was sustained which was issued twenty-one days after the alleged purchase of intoxicating liquor in a hotel. The Supreme Court denied a petition for a writ of *certiorari*. 266 *U. S.* 621.

The premises in the instant case were described as a rear room behind a front room containing a cigar case, the rear room being fitted with a bar and back bar. The affidavit recites the purchase of two glasses of beer and two glasses of whiskey, the latter served from a pint bottle taken from under the front bar. It is further alleged that a number of men were at the bar drinking what appeared to be beer and whiskey. The affidavit also recites that the front door is kept locked and that there is an electric button on the outside.

I am constrained to hold under the circumstances that the lapse of twenty-five days was not unreasonable and did not prevent the existence of probable cause for the issuance of the warrant at the time when it was issued.

It is also urged that the warrant is defective because it was improperly entitled and directed. This contention was made in *State* v. *Virgilio*, 7 *N. J. Mis. R.* 721, in connection with a warrant similarly entitled, and was found to be without merit.

It is further contended that the warrant does not designate a definite person to execute the same, but on the contrary designates a class of persons, which is defective. It is directed to the persons mentioned in section 6 of the statute under which it was issued. Section 19 of the same act provides that the magistrate, upon the showing of probable cause, must issue a search warrant to any officer, &c. Section 20 provides that the warrant may in all cases be served by *any* of the *officers* mentioned therein. The warrant in question adequately complies with these provisions.

It is further asserted that the warrant does not describe the person and does not particularly describe the property and the place to be searched. On the contrary, it clearly appears that all of these are described with that degree of care and particularity, which the consensus of judicial opinion requires. *Steele* v. *United States,* 267 *U. S.* 498.

It is next alleged that the warrant does not state the particular grounds of probable cause for its issue. It recites that the Supreme Court commissioner finds that there is probable cause for its issue and that the statute has been violated. This is a sufficient compliance with the act. *Hawker* v. *Queck, supra.*

The contention made that there was no probable cause for its issue, is without merit. The affidavit of the complaining witness was adequate in this respect.

The motion is denied.