STONE, Judge,
concurring specially.
I concur to note that a trial court has broad discretion under chapter 56, Florida Statutes, in fashioning remedies in aid of unsatisfied execution on judgments. Here, Appellee had unsuccessfully attempted execution on judgments totaling over $235,000. In these supplementary proceedings the trial court obviously determined that it was necessary to appoint a receiver of Appellant’s accounts in order to collect the judgment debt out of monies being paid to the debtor and from accounts payable.
Section 56.29, Florida Statutes, authorizes orders subjecting a debtor’s nonexempt property to the satisfaction of a judgment. See also, § 56.10, Fla.Stat. (1987). Courts have long recognized that there is a role for receiverships in fashioning relief under a traditional creditor’s bill. E.g., Pusey & Jones Co. v. Hanssen, 261 U.S. 491, 43 S.Ct. 454, 67 L.Ed. 763 (1923).